**THOMPSON PRODUCTS, Inc., v. NATIONAL LABOR RELATIONS BOARD.**
No. 9427.

Circuit Court of Appeals, Sixth Circuit.

Feb. 19, 1943.

Eugene B. Schwartz, of Cleveland, Ohio (Stanley & Smoyer, Welles K. Stanley, Harry E. Smoyer, and Eugene B. Schwartz, all of Cleveland, Ohio, on the brief), for petitioner.

Philip G. Phillips, of Cincinnati, Ohio, and Robert B. Watts, of Washington, D. C., for respondent.

Before SIMONS, ALLEN, and McAL-LISTER, Circuit Judges.

ALLEN, Circuit Judge.

This case arises upon a petition for a writ of prohibition and respondent's answer to a rule to show cause why the writ should not be issued. The petition prays for an order prohibiting the National Labor Relations Board from holding a hearing under its amended complaint issued on December 9, 1942, charging the petitioner, its subsidiary, and Milton Alfred Roemisch with various violations of §§ 8(1), 8(2) and 8(3) of the National Labor Relations Act, 29 U.S.C.A. § 158(1–3), insofar as the complaint alleges a violation of § 8(2) of the Act at petitioner's Cleveland, Ohio, plant, and from any other proceedings under such allegations.

The petition is based upon the following facts: On August 1, 1941, the National Labor Relations Board, upon complaint and hearing, ordered the petitioner to cease and desist from dominating or interfering with the administration of Thompson Products, Inc., Employees' Association, and with the formation or administration of Automotive & Aircraft Workers Alliance, Inc. (hereinafter called the A. & A. W. A.), or any other labor organization of its employees and from contributing financial or other support to such labor organizations or to any other labor organization of its employees. Upon the Board's petition, this court entered a decree enforcing the order with certain modifications immaterial here. By the terms of our decree, so far as its Cleveland plant is concerned, the petitioner since August 28, 1942, has been enjoined from "dominating or interfering with . . . the formation or administration of Automotive & Aircraft Workers Alliance, Inc., or any other labor organization of its employees, and from contributing financial or other support to said labor organization or any other labor organization of its employees." National Labor Relations Board v. Thompson Products, Inc., 6 Cir., 130 F.2d 363.

Petitioner alleges that it has complied with the above decree, has disestablished the A. & A. W. A., has terminated its contract with that organization, has withdrawn all recognition from it as representative of its employees, and has posted throughout its Cleveland plant the notice prescribed by the Board's order. The amended complaint issued by the Board December 9, 1942, alleges among other things that the respondents, including the petitioner, have actively organized and established another labor organization at petitioner's Cleveland plant, which organization is known as the Brotherhood of Independent Workers, Inc. (hereinafter called the B. I. W.), "successor to the A. & A. W. A."

Petitioner contends that as it has already been ordered by the decree of this court to cease and desist from contributing financial or other support to the A. & A. W. A. or "any other labor organization" of its employees, and since the 1942 complaint charged that it, with other respondents, has contributed support and aid to the B. I. W., if these allegations are true, petitioner has violated the decree of this court, and the Board, in order to challenge such violation, must have recourse to this court for enforcement of our decree by instituting proceedings in contempt.

In support of its contention petitioner relies upon § 10(e) of the National Labor Relations Act, 29 U.S.C.A. § 160(e), which gives this court, after petition to enforce the Board's order is filed, "exclusive" jurisdiction, and upon numerous decisions of the circuit courts of appeals and of the Supreme Court which hold that this jurisdiction includes power to enforce our decree by contempt proceedings. It is to be observed, however, that this statute gives us no jurisdiction either concurrent or exclusive before petition for enforcement is filed. Section 10(e) in effect excludes exercise of jurisdiction by us at this time, for our jurisdiction arises only after the filing of a petition for enforcement or review of an order duly entered by the Board. If the petitioner were resisting contempt proceedings instituted by the Board, the decisions cited would apply, but we think they do not govern here, where we are asked to compel the Board to abandon part of a case pending before it and to institute contempt proceedings.

Petitioner also cites Title 28 U.S.C. § 377, 28 U.S.C.A. § 377, which empowers federal courts "to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." But this section gives us no power to issue such writs until our jurisdiction has attached. The Board's actions are quasi-judicial in character, and insofar properly the subject of a writ of prohibition, in case

it is established that the Board has encroached upon the jurisdiction of other tribunals, is conducting proceedings where it does not possess jurisdiction, or is exceeding the limits of its authority. But the writ of prohibition is an extraordinary remedy and will not be issued unless usurpation or excessive exercise of jurisdiction is clearly shown. Ex parte Muir, 254 U.S. 522, 41 S.Ct. 185, 65 L.Ed. 383; In re Eastman Kodak Co., 3 Cir., 48 F.2d 125. The allegation is that the Board has encroached upon our jurisdiction, but as we have shown, we have no jurisdiction. Title 28 U.S.C. § 377, 28 U.S.C.A. § 377, was enacted prior to the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and insofar as it is in conflict with the Act, the latter controls. We find no precedent for interference by this court in Labor Board proceedings which have not yet ripened into an order and reached our court by petition for enforcement or review. In fact the Supreme Court has held that we may review only final orders of the Board. In re National Labor Relations Board, 304 U.S. 486, 58 S.Ct. 1001, 82 L.Ed. 1482; American Federation of Labor v. National Labor Relations Board, 308 U.S. 401, 404, 60 S.Ct. 300, 84 L.Ed. 347; National Labor Relations Board v. International Brotherhood of Electrical Workers, 308 U.S. 413, 60 S. Ct. 306, 84 L.Ed. 354. Mere issuance of a complaint and giving notice of a hearing thereon is clearly not a final order. Cf. Federal Power Commission v. Metropolitan Edison Co., 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408.

■ Nor is it shown in this instance that the Board is exceeding its authority or lacks jurisdiction to issue the 1942 complaint. While it is true that the Supreme Court in Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 270, 60 S.Ct. 561, 84 L.Ed. 738, stated that the appropriate procedure to handle violations of the decree of enforcement is to institute contempt proceedings, this case does not hold, and no case is cited that holds that the Board must resort to contempt only and may not issue a complaint to cover claimed violations of the Act occurring subsequent to the decree. Section 10(a) of the Act empowers the Board to prevent any person from engaging in any unfair labor practice affecting commerce, and provides that this power shall be exclusive and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law or otherwise. These are broad provisions. With §§ 10(b) and 10(c), which implement this authority, they bestow upon the Board full power to hear and determine in the first instance all controversies arising under the National Labor Relations Act. Such specific and all-embracing powers plainly cannot be limited or nullified by this court in absence of express authority. Moreover, it is the general rule that a tribunal empowered to hear controversies is empowered to pass upon its jurisdiction to hear those controversies, and therefore it is to the Board that any objection as to jurisdiction should in the first place be addressed.

We pass over the obvious difficulties inherent in the present case if we should grant the prayer of the petition. We are asked to enjoin the Board from taking jurisdiction of part of a case in which two other parties are joined and in which violation of two sections of the Act other than § 8(2) are combined. That part of the controversy which we are asked to stay may prove to be inextricably intertwined with the other parts as to which petitioner does not ask for this relief.

■ Also petitioner has a plain remedy at law through the usual review proceedings. While these appear to petitioner to offer a remedy not so speedy as desired, and in that respect inadequate, they may in the long run prove more expeditious and infinitely more satisfactory than a system under which violations of the National Labor Relations Act would be required to be investigated by this reviewing court, entailing departure from our usual custom of taking no testimony and holding no protracted trials. There is no basis for concluding that the normal statutory procedure is inadequate in law. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

The rule to show cause is discharged and the petition is dismissed.