307 F.2d 285
 Maurice D. DUNN, William T. Dunn, Dunn Bros., Inc., Dunn &
Dunn, Inc., Pic-Pac Food Stores-Southgate, Inc.,
and Pie-Pac Food Stores, Inc.,
Plaintiffs-Appellants,
v.
RETAIL CLERKS INTERNATIONAL ASSOCIATION, AFL-CIO, Local
1529, Retail Clerks International Association, Earl Wilson,
Leon Sheppard, Richard M. Gross, Amon Hatch, Pater L. Hall,
Clyde C. Shaver, Jr., John J. A. Reynolds, Jr., Billy M.
Gibson and William R. Magruder, Defendants-Appellees.
 No. 14899.
 United States Court of Appeals Sixth Circuit.
 Aug. 22, 1962.
 
 Robert L. Taylor, Memphis, Tenn. (Lloyd C. Kirkland, Jr., Memphis, Tenn., on the brief), for appellant.
 Solomon I. Hirsh, N.L.R.B., Washington, D.C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, James C. Paras, Atty., N.L.R.B., Washington, D.C., on the brief), for Reynolds, Gibson and Magruder.
 Russell Specter, Washington, D.C. (Anthony J. Sabella, Memphis, Tenn., on the brief), for Retail Clerks International, etc.
 Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.
 CECIL, Circuit Judge.
 
 
 1
 Maurice D. Dunn and William T. Dunn, with four corporations wholly owned by them, as plaintiffs, brought an action in the United States District Court for the Western District of Tennessee, against Retail Clerks International Association, AFL-CIO, Local 1529, the parent association of the local, six individuals, who are members, officers and employees of the Local and International Unions, John J. A. Reynolds, Jr., Regional Director of the National Labor Relations Board, and two other employees of the Board.
 
 
 2
 It is alleged that the action is brought under Title 28, section 1343, and Title 5, section 1001 et seq., U.S.C.A. and that the cause of action arises under the provisions of Title 42, section 1985(3), and Title 29, section 141 et seq., U.S.C.A. Section 1985(3) is a civil rights act and authorizes an action for damages under certain circumstances. Section 1343 grants jurisdiction to the District Court in an action under section 1985(3). Sections 1001 et seq. are known as the Administrative Procedure Act and sections 141 et seq. embrace the National Labor Relations Act.
 
 
 3
 The plaintiffs seek damages in the amount of $500,000, an order requiring Regional Director Reynolds to extend equal protection of the laws to them as guaranteed by the Fifth Amendment to the Constitution, and the Labor Management Relations Act, and for injunctive relief against the union and its members, or in the alternative an order requiring the Regional Director to perform the duties of his office.
 
 
 4
 The District Judge dismissed the complaint on motion, for the reason that it did not state a cause of action. This appeal followed and we advanced the case on the docket for hearing because of the emergency character of the relief demanded.
 
 
 5
 We look to the complaint for the facts.
 
 
 6
 The plaintiffs Dunn are exclusive owners of the plaintiff corporations, through which they operate a grocery business, in the city of Memphis, Tennessee. Retail Clerks International Association, AFL-CIO, Local 1529, hereinafter called Local or Union, is an unincorporated association, chartered, franchised and licensed by Retail Clerks International Association, as its agent and representative, to organize employees of grocery stores in Memphis and Shelby County, Tennessee.
 
 
 7
 Through a petition of the Local and by order of Director Reynolds, an election was held on October 4, 1961, by the employees of the plaintiffs, to determine whether they wanted the Local to represent them as bargaining agent with their employers. Only nineteen valid votes out of a total of ninety cast favored the Union.
 
 
 8
 On the afternoon and night of the election, both before and during the election, the individual defendant Union members, together with other Union representatives 'swarmed' onto the floors of the plaintiffs' stores, mingled and electioneered with the employees, and interfered with them in the performance of their duties. In some stores, they congregated about the door of the voting area and mingled with the employees, as they waited in line to vote. They refused to leave either at the request of the plaintiffs' attorney, or the agent of the N.L.R.B. conducting the election. The N.L.R.B. agent refused to order them out of the store. From July 27th to October 4th, defendants Sheppard and Hatch, Union members, continuously solicited membership applications from the employees on the floors of the stores, during working hours, contrary to store policy, ordinances of the City of Memphis and the laws of the State of Tennessee.
 
 
 9
 The plaintiffs called a commercial photographer to take pictures of the Union representatives, as they roamed about the store mingling with the employees at the time of the election. Two days after the election the Union filed with Reynolds 'objections to the conduct affecting the results of the election.' It was charged that the employees, at the 1977 South Third Street store, had been intimidated by the presence of the commercial photographer.
 
 
 10
 On the neight of November 6th, at about 9 p.m., the defendant Billy Gibson, an employee of the Board, working under Reynolds, and Amon Hatch, an employee of the Union, approached three school-boy, part time employees of the 1977 South Third Street store, and asked them to sign affidavits prepared by Gibson. It is alleged that they were threatened with being subpoenaed to some sort of government hearing and otherwise frightened and intimidated, if they refused to sign. They signed and immediately reported to their employer. These affidavits were to the effect that they had been intimidated and that other employees were deterred from voting. There were twenty-four employees in this store all of whom voted. Twenty-one of these voluntarily signed a petition to the Board certifying that they had not been intimidated by the photographers and that they voted their own personal convictions. The three boys above mentioned notified the Director that the affidavits had been procured by threats and were incorrect.
 
 
 11
 On November 16th, Reynolds issued an order vacating and setting aside the election on the ground that the employees had been intimidated. It is alleged that he knew this to be false and untrue.
 
 
 12
 Plaintiffs charge the Union with the following unfair labor practices: 1. Picketing the stores for recognition after an election and picketing them for recognition for more than thirty days, to-wit: since October 20, 1961. 2. Restraining and coercing the employees in the exercise of their rights guaranteed them by the Labor Management Relations Act and attempting to force the plaintiffs to discriminate against non-union employees. 3. Threatening employees with physical violence, engaging in mass picketing and blocking ingress and egress to plaintiffs' premises. 4. In failing to file a petition for an election where the picketing is for recognition and has the effect of inducing individuals employed by other persons, in the course of their employment, not to pick up, deliver or transport goods and not to perform services.
 
 
 13
 The plaintiffs charge that there was irregularity in the manner in which objections were made to the election and served on the plaintiffs. The plaintiffs further charge and allege that they are suffering irreparable damages as a result of concerted action on the part of the defendants, conspiring among themselves and with others unknown to plaintiffs.
 
 
 14
 It is alleged in the complaint that the unfair labor practices described therein are illegal and unlawful under the laws of the state of Tennessee and the United States, but that they are precluded from seeking injunctive relief by the provisions of the Labor Management Relations Act of 1947, as amended. It is claimed that the Regional Director has power and authority to prevent the wrongs of which complaint is made but that he refuses to act.
 
 
 15
 We agree with the opinion of the District Judge that this complaint states no cause of action for damages under the civil rights act. (Section 1985(3), Title 42.) The other phase of the case is essentially an action to require the Regional Director to do his duty.
 
 
 16
 The allegations of this complaint, if true, indicate a chaotic condition in the labor situation in Memphis, between the Union and the plaintiffs' stores. The alleged conduct of Union members preceding and during the election, as alleged, is inexcusable. One of the Director's aides, an employee of the Board, is charged in company with a Union employee of getting affidavits from three school-boy, part-time employees under threats. The Director is charged with conspiracy and acting in concert with other defendants to damage the plaintiffs and with setting aside the election on information which he knew to be false and untrue. Responsible Union leaders should see that its members obey the law, and Labor Board officials, both at the local and national level, have a responsibility to supervise this situation carefully and see that the rights of both parties are equally protected under the law. If there are claimed unfair labor practices on either side complaints should be filed and processed so that issues and disputes can get into the courts by orderly procedure, as intended by the Labor Act.
 
 
 17
 The National Labor Relations Act provides that the General Counsel of the Board shall exercise general supervision over the officers and employees in the regional offices and 'shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board, * * *.' (Section 153(d), Title 29 U.S.C.A.) By regulation, the General Counsel has delegated authority to Regional Directors to issue such complaints. plaints. (Regulations 29 C.F.R., Section 102.15) A refusal of the Regional Director to issue a complaint may be appealed to the General Counsel. (Regulations 29 C.F.R., Section 102.19) The General Counsel has a wide discretion in determining whether a complaint should issue and the Act provides no appeal from his decision. (Section 153(d), Title 29 U.S.C.A.) National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 18, 19, 63 S.Ct. 394, 87 L.Ed. 579; Retail Store Employees Union Local 954, etc. v. Rothman, 298 F.2d 330, 332, C.A.D.C.; Hourihan v. National Labor Relations Board, 91 U.S.App.D.C., 316, 201 F.2d 187, 188, cert. denied, 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359; Lincourt v. National Labor Relations Board, 170 F.2d 306, 307, C.A.1. His position is much the same as that of a United States Attorney in determining whether a criminal charge should be issued. There is no allegation in the complaint that an appeal was made to the General Counsel.
 
 
 18
 Congress has provided an administrative tribunal, the National Labor Relations Board, to administer the Labor Acts and final orders from it may be reviewed by the United States Courts of Appeal. (Section 160(e)(f), Title 29 U.S.C.A.) Otherwise the power of the Board in disputes between labor and management over alleged unfair labor practices is exclusive. (Section 160(a), Title 29 U.S.C.A.) Myers v. Bethlehem Corp., 303 U.S. 41, 48, 58 S.Ct. 459, 82 L.Ed. 638; Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 60 S.Ct. 561, 84 L.Ed. 738; Thompson Products v. National Labor Relations Board, 133 F.2d 637, 640, C.A.6. See also: San Diego Building Trades Council etc. v. Garmon, 359 U.S. 236, 244, 79 S.Ct. 773, 3 L.Ed.2d 775. No other jurisdiction is granted by the Labor Acts for an employer to petition for relief in the District Courts. The Norris-LaGuardia Act specifically prohibits the issuance of injunctions in labor disputes, except under certain circumstances which are not alleged in the complaint. (Sec. 107, Title 29 U.S.C.A.)
 
 
 19
 The Regional Director set the election aside, as appears from the complaint, on questionable evidence. Regulation Section 102.69(c), 29 C.F.R. provides that he may 'exercise his authority to decide the case and issue a decision disposing of the issues and directing appropriate action or certifying the results of the election.' This is a discretionary power given the Director and it is not reviewable by the courts. As an appropriate action, he might have ordered and conducted a new election. The employers could have requested a new election. (Sec. 159(c), Title 29 U.S.C.A.) This might have solved some of the problems but they did not choose to request such an election. They would like to stand on the original election but we find no way that it can be reinstated through an action in the District Court. Cf. National Labor Relations Board v. Shirlington Supermarket, 224 F.2d 649, C.A.4; cert. denied 350 U.S. 914, 76 S.Ct. 198, 100 L.Ed. 801.
 
 
 20
 It appears that the chief cause of the plaintiffs' complaint is the picketing of their stores by the Union. If the election had not been set aside, the Union could not have resumed picketing for recognition purposes for a year. However, they can picket for informational purposes. (158(b)(7)(C), Title 29 U.S.C.A.) There is a narrow line between the two types of picketing but there is apparently no time limit to informational picketing. Thus picketing in some form might be legally conducted indefinitely. Mass picketing and obstructions to ingress and egress to premises may be controlled by process in a state court.
 
 
 21
 If, aside from their acceptance as the truth for the purposes of the motion to dismiss, the facts alleged in the complaint correctly represent what actually happened, they disclose what the District Judge characterized as 'a pretty horrible situation.' In such case, we assume that the General Counsel of the N.L.R.B. will take cognizance of the situation and employ his broad powers to make corrections, if they are needed. Congress has invested the N.L.R.B. and its agents with powers which, if withheld or abused, can visit serious and irreparable harm upon those who, under the scheme of the N.L.R.A., cannot obtain the help of judicial intervention. Foreclosed as we are from entrance by judicial writ into such a situation, we must leave an injured party to the assistance of those empowered to apply administrative remedies or executive correction.
 
 
 22
 Upon consideration of the record as a whole, we are impelled to the conclusion that the complaint states no cause of action within the jurisdiction of the District Court.
 
 
 23
 Judgment affirmed.