**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**ZIMNOX COAL COMPANY, Respondent.**

**No. 15335.**

United States Court of Appeals
Sixth Circuit.

Sept. 14, 1964.

Leo N. McGuire, N. L. R. B., Washington, D. C. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Elliott Moore, Atty., N. L. R. B., Washington, D. C., on the brief), for petitioner.

Henry M. Wick, Jr., Pittsburgh, Pa., and Dominic J. Bianco, Steubenville, Ohio (Coleman & Bianco, Steubenville, Ohio, Richard J. Smith, Delisi, Wick &

Vuono, Pittsburgh, Pa., on the brief; Jack B. Josselson, Schmidt, Effron, Josselson & Weber, Cincinnati, Ohio, of counsel), for respondent.

Before O'SULLIVAN, Circuit Judge, MAGRUDER, Senior Circuit Judge, and LEVIN, District Judge.

LEVIN, District Judge.

This matter is before the court upon the petition of the National Labor Relations Board for enforcement of its order of February 13, 1963, against respondent, Zimnox Coal Company, issued pursuant to unfair labor practice proceedings under Section 10 of the National Labor Relations Act, 29 U.S.C. § 151 et seq. The Board's decision and order are reported at 140 N.L.R.B. 1229 (1963).

 The respondent urges that the Board was estopped to hear this cause. This is so, it claims, because a previous complaint based on the same conduct as is here involved was, as part of an agreement for a representation election, withdrawn by the union, with the approval of the Regional Director. After the union won the election, these same charges were refiled, and the Regional Director issued the complaint upon which it made the decision before us. The refiling of the charges was obviously in retaliation for respondent's refusal to accede to a post-election demand of the union. It is not contended that this refusal, or any post-election conduct of respondent, amounted to an unfair labor practice. The National Labor Relations Act does not forbid what was done here, and it was within the broad discretion of the Regional Director to permit the refiling of these charges. Wallace Corp v. N. L. R. B., 141 F.2d 87, 91 (4th Cir. 1944), affirmed 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216. However, we have recently had occasion to recognize "the salutary policy of the Board in not reviving old charges where voluntary settlements of disputes have been made." N. L. R. B. v. Superior Tool & Die Co.,

309 F.2d 692, 695 (6th Cir. 1962). This policy of the Board does not, of course, amount to a rule which will restrain a Regional Director who chooses to ignore it. Primary responsibility for preventing the revival of settled charges as a bargaining bludgeon must remain with the Regional Directors and the General Counsel. Cf. Dunn v. Retail Clerks International Ass'n, 307 F.2d 285, 289 (6th Cir. 1962).

The Board, in agreement with the Trial Examiner, found that respondent interfered with, restrained, and coerced its employees, in violation of Section 8(a)(1) of the Act, by interrogating them with regard to their union activities and threatening them with reprisals if they supported the Union.[1] The Board further found, in agreement with the Examiner, that respondent violated Section 8(a)(3) and (1) of the Act by discriminatorily discharging employee Alvin Ross and laying off employees McDonald, Nicholson, Nelson, and Risdon through discontinuance of its trucking operations because of union activities.

 As noted by this court in United Fireworks Mfg. Co. v. N. L. R. B., 252 F.2d 428, 430 (6th Cir. 1958), "[i]nterrogation of employees about membership in the union may or may not amount to coercion, depending upon the manner in which it is done and the surrounding circumstances." Substantial evidence supported the Board's conclusion that Zimnox's interrogatories "were not merely casual, nonhostile inquiries but carried a coercive implication." N. L. R. B. v. A. E. Nettleton Company, 241 F.2d 130, 132 (2nd Cir. 1957); N. L. R. B. v. Flemingsburg Mfg. Co., 300 F.2d 182 (6th Cir. 1962).

 Even if we assume that respondent was free to completely and permanently terminate one segment of its business, see Darlington Mfg. Co. v. N. L. R. B., 325 F.2d 682 (4th Cir. 1963, cert. granted, 377 U.S. 903, 84 S.Ct. 1170, 12

1. International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, General Teamsters, Chauffeurs, Warehousemen and Helpers, Local 428 (Ind.).

**518**

L.Ed.2d 175, April 20, 1964,) that is not what was done here. Zimnox could not use contract hauling "as an artifice or device" merely to effectuate the discriminatory lay-off of its drivers, N. L. R. B. v. Kelly & Picerne, Inc., 298 F.2d 895, 898 (1st Cir. 1962). See also N. L. R. B. v. Missouri Transit Co., 250 F.2d 261 (8th Cir. 1957), finding the employer liable even for an *absolute* discontinuance of part of its business.

■■ The findings of the Board are "supported by substantial evidence on the record considered as a whole" and therefore must stand. Section 10(e). Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ The Board's order requires respondent to cease and desist from engaging in the unfair labor practices and from, in any like or related manner, interfering with, restraining, or coercing its employees in the exercise of their Section 7 rights. Affirmatively, the order requires respondent to offer immediate reinstatement to Ross and to make him and employees McDonald, Nicholson, Nelson, and Risdon whole for any loss suffered by reason of respondent's discrimination against them and also to post appropriate notices to respondent's employees. The allowance of interest on the award of back pay was within the discretion of the Board. See N. L. R. B. v. Belfry Coal Corp., 331 F.2d 738 (6th Cir., April 6, 1964), and cases cited therein.

Respondent filed a motion for leave to adduce additional testimony under Section 10(e) of the Act to show that no job was available for Ross and that an award of reinstatement as to him was therefore not justified. The Examiner ruled against the admission of the proffered evidence, stating that it could be presented at a supplementary hearing if enforcement is decreed.

Enforcement of the order is decreed except as to awarding back pay and reinstatement to Ross. That issue is remanded to the Board for the taking of the proffered additional evidence.