**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LASKO METAL PRODUCTS, INC., Respondent.**

No. 16520.

United States Court of Appeals
Sixth Circuit.

July 7, 1966.

Warren M. Laddon, NLRB Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Atty., N.L.R.B., Washington, D. C., on brief, for petitioner.

Judson Harwood, Nashville, Tenn., for respondent.

Before PHILLIPS and EDWARDS, Circuit Judges, and McALLISTER, Senior Circuit Judge.

EDWARDS, Circuit Judge.

After a union organizing campaign which was met by considerable company resistance, the Union [1] won certification as sole collective bargaining agent for respondent's employees. When negotiations toward a contract commenced, the Union agreed to dismiss charges of unfair labor practices previously filed by it with the National Labor Relations Board on the company's agreeing to reinstate (without back pay) a discharged union man. Thereupon the Regional Director of the NLRB dismissed the NLRB complaint.

This era of good feeling, however, was of short duration. Negotiations bogged down without agreement, a strike was called, and the company discharged and replaced some of the strikers.

After notice of termination of the strike and an unconditional offer to return to work, the Union again filed an unfair labor practice charge. This charge accused respondent of refusal to bargain, thereby causing the strike. It sought reinstatement of the discharged strikers. It also charged respondent with illegal interference, threats, and coercion in violation of Section 7 of the National Labor Relations Act.[2]

The Trial Examiner, finding no general bad faith bargaining, nonetheless found that respondent had caused the strike by its unfair labor practices and by refusing to bargain pertaining to certain layoffs which preceded the strike. He thereupon entered recommended orders requiring (among other things) that respondent cease and desist from the unfair labor practices found, bargain on layoffs, and reinstate the discharged strikers.

1. District Lodge No. 155, International Association of Machinists, AFL–CIO.

2. 61 Stat. 140 (1947), 29 U.S.C. § 157 (1964).

Both respondent and the general counsel for the NLRB filed exceptions. The Board, considering these same issues on the same record, found that respondent had not been guilty of any refusal to bargain and had not caused the strike by any violations of the NLRA. It did, however, affirm the Trial Examiner's findings that respondent had violated Section 8(a) (1)[3] by interfering with and coercing its employees in their exercise of their rights under the NLRA and it ordered respondent to cease threats and coercive interrogation and surveillance.

It is this limited order which the NLRB here seeks to enforce and respondent opposes.

Respondent's position is that the unfair labor practices actually found by the Board all preceded the election in which the Union won bargaining rights, that these complaints had been disposed of by voluntary agreement between the Union and respondent before the strike, and that the charge subsequently filed by the Union was not sufficient to revive the once settled matters.

We note that the Union charge upon which the NLRB complaint was founded recited in part:

"By the acts set forth above, and by interference, threats, and other acts and conduct, it, by its officers, agents and employees, interfered with, restrained and coerced its employees in the exercise of the rights guaranteed in Section 7 of the said Act."

This language in the Union charge was certainly adequate to fulfill the statutory requirement and to initiate NLRB action. Once a charge has been made, the NLRB investigation and complaint are not confined to the specific details of the charge but may extend to related matters of the same class of violations charged. National Licorice Co. v. N.L.R.B., 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799 (1940); N.L.R.B. v. Fant Milling Co., 360 U.S. 301, 79 S.Ct. 1179, 3 L.Ed.2d 1243 (1959).

In this latter case the Supreme Court said:

"A charge filed with the Labor Board is not to be measured by the standards applicable to a pleading in a private lawsuit. Its purpose is merely to set in motion the machinery of an inquiry. National Labor Relations Board v. Indiana & Michigan Electric Co., 318 U.S. 9, 18, 63 S.Ct. 394, 400, 87 L.Ed. 579. The responsibility of making that inquiry, and of framing the issues in the case is one that Congress has imposed upon the Board, not the charging party. To confine the Board in its inquiry and in framing the complaint to the specific matters alleged in the charge would reduce the statutory machinery to a vehicle for the vindication of private rights. This would be alien to the basic purpose of the Act. The Board was created not to adjudicate private controversies but to advance the public interest in eliminating obstructions to interstate commerce, as this Court has recognized from the beginning. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893.

"Once its jurisdiction is invoked the Board must be left free to make full inquiry under its broad investigatory power in order properly to discharge the duty of protecting public rights which Congress has imposed upon it. There can be no justification for confining such an inquiry to the precise particularizations of a charge. For these reasons we adhere to the views expressed in National Licorice Co. v. National Labor Relations Board." (Footnotes omitted) N.L.R.B. v. Fant Milling Co., supra at 307–309, 79 S.Ct. at 1183–1184.

While this court has "recognized the salutary policy of the Board in not reviving old charges where voluntary settlement of disputes have been made" (N.L.R.B. v. Superior Tool & Die Co., 309 F.2d 692, 695 (C.A.6, 1962)), this language may not be read as a prohibition against

---

3.  61 Stat. 140 (1947), 29 U.S.C. § 158(a) (1) (1964).

consideration of such charges when a voluntary agreement between the private parties collapses and a charge is refiled. In the instant case there clearly was no Board approved settlement agreement. Cf. N.L.R.B. v. Lake Superior Lumber Corp., 167 F.2d 147 (C.A.6, 1948).

 This court has previously recognized that NLRB allowance of withdrawal of a charge on voluntary settlement between the private parties does not terminate "the broad discretion of the Regional Director to permit the refiling of these charges." N.L.R.B. v. Zimnox Coal Co., 336 F.2d 516, 517 (C.A.6, 1964).

The enforcement of the Board's order is granted.