**SEARS, ROEBUCK AND CO.,**
Plaintiff-Appellant,

v.

**NATIONAL LABOR RELATIONS BOARD and Ogden W. Fields, Executive Secretary of the National Labor Relations Board, Defendants-Appellees.**

No. 20738.

United States Court of Appeals,
Sixth Circuit.

Oct. 19, 1970.

Lederer, Fox & Grove, Herbert M. Berman, Lawrence M. Cohen, Chicago, Ill., Joseph F. Cook, Akron, Ohio, Honigman, Miller, Schwartz & Cohn, Avern Cohn, Detroit, Mich., for appellant; Gerard C. Smetana, Chicago, Ill., Sears, Roebuck & Company, Roy E. Browne, Akron, Ohio, of counsel.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Chief of Special Litigation, Charles N. Steele, Michael F. Rosenblum, Attys., N. L. R. B., Washington, D. C., Jerome H. Brooks, Regional Director, N. L. R. B., Seventh Region, Detroit, Mich., for appellees.

Before PHILLIPS, Chief Judge, and WEICK and EDWARDS, Circuit Judges.

PER CURIAM.

This case arises out of a collateral issue to an unfair labor practice proceeding presently in progress before the National Labor Relations Board. Sears filed certain demands for information with the defendants on June 23 and June

26, 1970, purportedly under the authority of the Freedom of Information Act, 81 Stat. 54, 5 U.S.C.A. § 552. While the defendants provided plaintiff with some of the requested information, most of its demands were rejected on the grounds that the information was either not covered by the Act or was expressly excluded. Plaintiff filed a complaint in the United States District Court for the Eastern District of Michigan essentially seeking judicial review of this decision. The district court concluded that Sections 10(e) and 10(f) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160, provided the sole method of review of Board decisions, including intermediate decisions as to discovery, and dismissed the complaint for lack of jurisdiction. Plaintiff has appealed, and was denied a temporary injunction pending appeal by the district court. It has now requested a stay of the district court's order pending appeal, and subsequently filed a motion for expediting the briefing schedule. The questions presented for decision, both on the merits of this appeal and on the irreparable injury necessary to support the requested stay order, are extensively covered in the memoranda of the parties. For the reasons stated below, we conclude that plaintiff's motion for stay and motion for an expedited briefing schedule must be denied. We further conclude that, the questions on the merits of the appeal having been fully treated, we can proceed to the disposition of this case without further assistance from the parties and that the questions presented for appeal are so unsubstantial and entirely without merit as to require us to affirm the judgment of the District Court without further argument. Rules 8 and 9, Rules of the United States Court of Appeals for the Sixth Circuit.

The district court was correct in concluding that it was without jurisdiction. The prayer for relief contained in plaintiff's complaint requested the court to enjoin further proceedings of the National Labor Relations Board pending final decision on its complaint and sought a declaratory judgment finding its right to review under 29 U.S.C.A. § 160 prejudiced because of the information withheld. Essentially, the form of relief plaintiff seeks would result in early judicial review of a Board decision on permissible discovery, not an order to produce records. Plaintiff contends that jurisdiction for such an action is granted to the district courts by the Freedom of Information Act, 5 U.S.C.A. § 552(a) (3), which grants " * * * jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records * * *." Even assuming the dubious proposition that Congress intended to create an exception to its long-standing policy against enjoining the Board, plaintiff seeks neither an injunction nor an order of the type described above. We therefore conclude that the district court properly dismissed the complaint for lack of jurisdiction, since it does not have the power to enjoin or to review decisions of the National Labor Relations Board. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The appropriate method of review of the Board's orders in connection with a case pending before it is by petition for review filed in the United States Court of Appeals. 29 U.S.C.A. § 160, Myers v. Bethlehem Shipbuilding Corp., *supra*. This Court has often reviewed Board decisions involving alleged procedural as well as substantive errors. *See, e.g.,* N.L.R.B. v. Rogers Mfg. Co., 406 F.2d 1106, 1110 (6th Cir. 1969); N.L.R.B. v. American Federation of Television & Radio Artists, 285 F.2d 902, 903 (6th Cir. 1961); N.L.R.B. v. Tennessee-Carolina Transportation, Inc., 226 F.2d 743, 744 (6th Cir. 1955); Thompson Products, Inc. v. N.L.R.B., 133 F.2d 637, 639–640 (6th Cir. 1943). *Thompson Products, supra,* also disposes of plaintiff's contention that this Court has jurisdiction to enjoin the Board under the All-Writs statute, 28 U.S.C.A. § 1651(a).

The district court also concluded that the type of information which the plaintiff requested inquired impermissibly into the decisional processes of the Board,

although it recognized that this ground was unnecessary to its decision. We would have no difficulty in agreeing with this conclusion if the issue were properly before us. United States v. Morgan, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1940); Citizens to Preserve Overton Park, Inc. v. Volpe, 432 F.2d 1307 (6th Cir. 1970), Nos. 20,344 and 20,345.

The motion for a stay pending appeal and the motion for an expedited briefing schedule must be, and the same are hereby denied. We further conclude that the merits of this appeal are so unsubstantial and entirely without merit that further argument would not be helpful to this Court in deciding the questions presented. *See,* Rules 8 and 9, Rules of the United States Court of Appeals for the Sixth Circuit. Plaintiff is granted leave to file its Request for Reconsideration with the Board within 10 days after the entry of the order affirming judgment. The judgment of the district court is therefore

Affirmed.