*1135 BARHAM, Justice
(dissenting).
The majority has pointedly stated, and correctly so, that the United States[1] relies exclusively on the All Writ Act, 28 U.S.C. § 1651(a), and on whatever power a district court derives therefrom, as authority for transferring or removing to the federal court a case pending in the state court to which the United States was not even a party and of which the federal court had no vested jurisdiction.
However, after the majority notes that the United States does not rely upon the removal statute, 28 U.S.C. § 1441, every authority cited by it arises, and its entire decisional basis stems, from that removal statute or its statutory source. All of the cases cited are merely authority for holding that an attempted removal under 28 U.S.C. § 1441 gives the federal court the right to. make a jurisdictional determination which, when final, is res judicata.[2]
No authority is cited, no legal principle enunciated, that the so-called “all-writ” power under 28 U.S.C. § 1651 gives authority for rending from a state court, through a motion for removal, a suit in which the mover was not a party and of which there is no prior jurisdiction over the parties or the suit. The majority opinion appears to surround the all-writ statute with an aura of great supremacy. To the contrary, that statute has no greater dignity than any other legislation providing for federal court procedures.
The federal court power to issue writs in aid of its jurisdiction is a restrictive provision, and it “ * * * does not enlarge or expand the jurisdiction of the [federal] courts but merely confers ancillary jurisdiction where jurisdiction is otherwise granted and already lodged in the court * * *.” 36 C.J.S. Federal Courts § 14; 36A C.J.S. Federal Courts § 311. (Emphasis here and elsewhere supplied.) Its limited purpose is to afford for the protection of vested jurisdiction historic procedural aids which are not specifically *1137 granted by statute but which are not in conflict with present federal statutes, and which are in conformity with and “agreeable to the usages and principles of law”. “The general authorizing statute operates only as an incident to jurisdiction, and gives the federal courts no power to issue such zvrits until its jurisdiction has otherwise attached. * * * ” 36 C.J.S. Federal Courts § 14; Thompson Products v. National Labor Rel. Board, 133 F.2d 637 (C.C.A. 6th 1943); United States v. Spadafora, 207 F.2d 291 (C.C.A. 7th 1953).
The power may be used only in the absence of a contrary procedural statute, and it is certain that it cannot be exercised in a manner forbidden by specific statute (28 U.S.C. § 1441) which has been enacted subsequently to the writ statute. Thompson Products v. National Labor Rel. Board, supra.
Removal procedure, has never been used to protect jurisdiction or confer ancillary jurisdiction. Removal is not a procedure designed for the protection of a court’s jurisdiction. It is a procedural device for the protection of parties defendant who are entitled to, and wish to avail themselves of, federal jurisdiction. A determination by a federal district court that it may extirpate from a state court the parties plaintiff and defendant and force them to trial in the federal court under its all-writ power when there was no previous jurisdiction is illegal, invalid, void ab initio, and not entitled to recognition in a state court. The federal court’s determination of jurisdiction and its adjudication under these bizarre proceedings are not res judicata.
Comity is reciprocal. Federal courts are obligated to respect state jurisdiction, and the employment of legal procedures interposing federal jurisdiction should be considered stricti juris. The Sixth Amendment to the United States Constitution obligates all courts, all judges — state and federal — , to uphold the laws of this nation. We cannot defer, under comity or under the apprehension of a confrontation between state and federal courts, to a judicial act in a federal court which is null and of no effect. The following legal principles are applicable to the determination of this case:
(1) A federal court cannot exercise its writ power without prior jurisdiction.
(2) The writ statute cannot be utilized in the face of later comprehensive and specific statutory prohibition.
(3) The writ power cannot be exercised in an illegal manner, nor can a procedural device not within the contemplation of that power be employed.
(4) The court’s writ power is restrictive, is not a new grant of judicial power, and does not exoand or enlarge jurisdiction.
(5) Decisions giving effect to jurisdictional determination under 28 U.S.C. § *1139 1441 are inapplicable to this usurpation of jurisdiction in derogation of positive law.
For these reasons I am of the opinion that the federal court’s order of removal and its further order that the parties plaintiff in this suit intervene in another federal suit are absolute nullities, not binding upon the parties to this suit, not entitled to be respected as a determinative and definitive judgment in another court, and not res judicata.
I respectfully dissent.

. Tlie Justice Department of tlie United States filed a motion for removal of this suit into the Federal District Court for the Western District of Louisiana. The government was not a party, plaintiff or defendant, and was not an intervenor in this suit.

. The following cases, the only ones relied upon in the majority opinion, hold only that a federal court determination of jurisdiction under the removal statute is res judicata, and. are not apposite to a determination of whether there has been a divesting of state jurisdiction under an illegal exercise of the court’s writ power: Des Moines Nav. & R. R. Co. v. Iowa Homestead Co., 128 U.S. 552, 8 S.Ct. 217, 31 L.Ed. 202 (1887); Dowell v. Applegate, 152 U.S. 327, 14 S.Ct. 611, 38 L.Ed. 463 (1894); Chesapeake & Ohio E. Co. v. McCabe, 213 U.S. 207, 29 S.Ct. 430, 53 L.Ed. 765 (1909); Baldwin v. Traveling Men’s Assn., 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244, 1245 (1931). We note also that Tacoma v. Taxpayers of Tacoma, 357 U.S. 320, 78 S.Ct. 1209, 2 L.Ed.2d 1345 (1958), is inapposite; it is merely a holding that Congress may declare by statute what constitutes finality of a judgment.