**ROGER J. AU & SON, INC., Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

**Civ. No. 76–027.**

United States District Court, W. D. Pennsylvania.

Jan. 21, 1976.

Douglass A. Witters, Birmingham, Mich., for plaintiff.

Peter B. Hoffman, Pittsburgh, Pa., for defendant.

## MEMORANDUM AND ORDER

MARSH, District Judge.

The plaintiff has brought this action under the Freedom of Information Act, (FOIA) 5 U.S.C. § 552, seeking disclosure of statements and affidavits obtained by agents of the National Labor Relations Board, (N.L.R.B.) in the process of the investigation of an unfair labor practice charge against plaintiff resulting in the issuance of a complaint and notice of hearing. Plaintiff also seeks a preliminary injunction to stay the hearing before the N.L.R.B. until there is a final ruling on the FOIA claim.

On January 8, 1976, this court granted a temporary restraining order staying the N.L.R.B.'s hearing scheduled for January 13, 1976. A hearing on the preliminary injunction was held on January 14, 1976. The motion for preliminary injunction and the request for disclosure of documents under the Freedom of Information Act will be denied and the temporary restraining order shall be dissolved.

■ Plaintiff claims it will be irreparably harmed in presenting its defense at the hearing of the unfair labor practice charge unless the documents requested are disclosed prior to the hearing. We are unable to find that plaintiff has made the requisite showing of irreparable harm necessary to secure a preliminary injunction. Furthermore, we do not feel that in legislating the Freedom of Information Act, Congress intended said Act to be a broad discovery tool for litigants in administrative agency proceedings including those before the N.L.R.B.

■ If plaintiff can obtain the affidavits and case preparation from the N.L. R.B. under the FOIA in advance of the administrative hearing, so could any member of the public. Obviously it could not have been the intention of the Act to permit the public to examine the N.L.R.B.'s preparation for an agency hearing. We hold that the Act was not intended to provide parties with a discovery procedure which could not otherwise be obtained under the rules of the N.L.R.B. The FOIA should not be interpreted so as to provide plaintiff a remedy for alleged prejudicial rules, regulations or procedures of the N.L.R.B.

■ Nor, do we feel we are properly empowered to stay a proceeding of the N.L.R.B. since following such a hearing plaintiff has adequate rights to judicial review. Plaintiff can also challenge the N.L.R.B. proceedings on appeal asserting issues of constitutional magnitude not restricted to an argument that its rights under the due process clause have been violated.

The N.L.R.B. has raised the defense that the documents sought are exempt under the provisions of 5 U.S.C. § 552(b)(7)(A), (C) and (D). Although we make no decision at this time as to the merits of this assertion, we are inclined, as was the court in *Chassen Bakers, Inc. v. National Labor Relations Board, Fourth Region*, Order by Judge Muir of the Middle District of Pennsylvania in Case No. 75–1508 (12/12/75), to think the documents requested do fall within at least one of the exemptions of § 552(b)(7). See also: *Amerace Corporation, Esna Division v. National Labor Relations Board, et al,* Order of Judge McRae of the Western District of Tennessee in Case No. C–75–533 (12/11/75) and cases cited therein.

An appropriate order will be entered.