## PRODUCTION MOLDED PLASTICS, INC. and Detroit Plastic Molding Company, Plaintiffs,

v.

## NATIONAL LABOR RELATIONS BOARD et al., Defendants.

Civ. A. No. C 76–43 A.

United States District Court, N. D. Ohio, E. D.

Feb. 13, 1976.

James H. Woodring, Squire, Sanders & Dempsey, Cleveland, Ohio, for plaintiffs.

John Kollar, N. L. R. B., Cleveland, Ohio, for defendants.

## ORDER

CONTIE, District Judge.

On February 11, 1976, a hearing was held on plaintiffs' motion for a preliminary injunction. Upon consideration and for the reasons stated below, said motion shall be denied.

Invoking this Court's jurisdiction under the Freedom of Information Act, as amended, 5 U.S.C. § 552 (hereinafter FOIA), plaintiffs initiated this action to force disclosure of certain documents allegedly in the possession of defendants. Plaintiffs further seek an injunction enjoining defendants from proceeding with a hearing scheduled for February 17, 1976 until resolution of their claims under the FOIA. It is to this latter issue that the instant motion is directed.

The material facts are undisputed. A charge was filed against plaintiffs with Region 8 of the National Labor Relations Board (hereinafter NLRB). After investigation, a complaint was issued thereon on October 10, 1975. Plaintiffs answered said complaint on October 29, 1975, and thereafter on November 21, 1975 filed their formal request under the FOIA for the following records:

1. Any written statements, or other documents, signed or unsigned contained in or related to the case file in the above-captioned matter.

2. Any written reports or signed affidavits which were prepared and/or taken by representatives of the National Labor Relations Board in relation to the above-captioned matter.

3. Any documentary evidence or other material submitted by witnesses of the charging party as proof of what is charged in the charges filed which form the basis for the Complaint filed in the above-captioned matter, which evidence or material is required to be taken by agents of the National Labor Relations Board pursuant to Section 10056.1 of the National Labor Relations Board's Field Manual.

4. Any documentary evidence, and other material contained in or related to the case filed for the above-captioned case which is relevant to and/or related to the remedy to be sought in such case as required in Section 10054.1 of the National Labor Relations Board's Field Manual.

Said request was denied initially, and on appeal, on the grounds that the records sought are exempt from disclosure under the FOIA pursuant to exemptions 5, 6, and 7(A), (C) and (D).[1] This action was initiated thereafter.

Requests to enjoin NLRB hearings are not new to the courts. In

---

1. The hearing before the NLRB was originally scheduled for December 10, 1975; however, apparently to allow for disposition of plain-tiffs' FOIA request, said hearing was postponed to February 17, 1976.

*Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), the Supreme Court held that district courts lack authority to enjoin NLRB hearings because the review procedures provided in the N.L.R.A. are the exclusive means of remedying any harm and because such review provides adequate judicial protection. Further, this Court has reached the same conclusion in a similar case. *Theron's Country Store, Inc. v. National Labor Relations Board,* Civil Action No. C 74–240 Y (December 12, 1974).

The Sixth Circuit Court of Appeals has addressed this issue in the context of the FOIA. See *Sears, Roebuck and Co. v. N. L. R. B.,* 433 F.2d 210 (1970). In that case, the court held that the district court was without jurisdiction to enjoin NLRB hearings. The court specifically noted that it had reviewed NLRB decisions on procedural issues, citing *N. L. R. B. v. Rogers Mfg. Co.,* 406 F.2d 1106, 1110 (6th Cir. 1969); *N. L. R. B. v. American Federation of Television & Radio Artists,* 285 F.2d 902, 903 (6th Cir. 1961); *N. L. R. B. v. Tennessee-Carolina Transportation, Inc.,* 226 F.2d 743, 744 (6th Cir. 1955), and *Thompson Products, Inc. v. N. L. R. B.,* 133 F.2d 637, 639–640 (6th Cir. 1943).

The Sixth Circuit *Sears* case would appear dispositive of the instant motion. However, plaintiffs argue that said decision is distinguishable on its facts, and that the decision of the Supreme Court in *Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974), and the decisions of other courts, see *Sears, Roebuck and Co. v. N. L. R. B.,* 153 U.S.App.D.C. 380, 473 F.2d 91 (1972); *Title Guarantee Co. v. N. L. R. B.,* 407 F.Supp. 498, 90 L.R.R.M. 2849 (S.D.N.Y., 1975); *Chrysler Corporation v. National Labor Relations Board,* Civil Action No. 572384,[2] Orders dated December 8, 1975 and December 24, 1975 (D.C.Mich.), entitle them to the relief sought herein.

Plaintiffs' claim that the Sixth Circuit's *Sears* case is distinguishable on its facts is predicated upon a reading of the district court's opinion. Examination thereof, reported at 75 L.R.R.M. 2285 (1970), indicates that Sears, asserting jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 551 et seq. sought a temporary restraining order the effect of which would be to "stay the time for filing a petition for reconsideration with the Board." 75 L.R.R.M. at 2285. The restraining order was granted, and the reported decision was filed on the NLRB's motion to vacate said order and to dismiss the action for lack of jurisdiction. The district court held that it lacked jurisdiction under *Myers v. Bethlehem Shipbuilding Corp., supra.*

While there are factual differences between the Sixth Circuit *Sears* case and the instant case, the Court is of the opinion that they are not material. The important points are that *Sears* sought judicial interference with NLRB proceedings prior to invocation of the jurisdiction of the Court of Appeals.

■ Plaintiffs' reliance upon *Renegotiation Board v. Bannercraft Co., supra,* is misplaced. Plaintiffs argue that *Bannercraft* establishes that district courts have jurisdiction pursuant to their inherent equitable powers to grant the relief requested. Actually, on this issue *Bannercraft* merely held that the FOIA did not limit "the inherent powers of an equity court." 415 U.S. at 20, 94 S.Ct. at 1038, 39 L.Ed.2d at 137. The Supreme Court did not find that district courts had jurisdiction of every action under the FOIA to enjoin agency action. As it is clear that the "inherent powers of an equity court" do not extend to enjoining an NLRB hearing, see *Myers v. Bethlehem Shipbuilding Corp., supra; Newport News Shipbuilding and Dry Dock Co. v. Schauffler,* 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646 (1938); *Sears, Roebuck and Co. v. N. L. R. B.,* 433 F.2d 210 (6th Cir. 1970); *Polymers Inc. v. N. L. R. B.,* 414

---

2. On the copies of said Orders submitted by plaintiffs, it appears that one Order is marked as Civil Action No. 572284 and the other as 572384.

F.2d 999 (2nd Cir. 1969), cert. den., 396 U.S. 1010, 90 S.Ct. 570, 24 L.Ed.2d 502; *Vapor Blast Manufacturing Company v. Madden,* 280 F.2d 205 (7th Cir. 1960); *Theron's Country Store, Inc. v. National Labor Relations Board, supra;* cf. *Leedom v. Kyne,* 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed. 210 (1958), the Court concludes that *Bannercraft* did not alter the settled state of the law in this area.

■ The Court respectfully declines to follow the holdings on jurisdiction in *Title Guarantee* and in the District of Columbia Circuit's *Sears* case, both of which are relied upon by plaintiffs. In the *Sears* case, the panel relied upon that court's decision in *Bannercraft Clothing Co., Inc. v. The Renegotiation Board,* 466 F.2d 345 (1972). However, the Supreme Court reversed that opinion.[3] Furthermore, the District of Columbia discussed the jurisdictional issue only very briefly in *Sears,* and did not mention *Myers* or its progeny. *Title Guarantee* relies, in part, on this *Sears* decision. The *Chrysler Corporation* case, ·supra, contains no explanation of its holdings. In any event, the Court feels bound to apply the Sixth Circuit's opinion in *Sears, Roebuck and Co. v. N. L. R. B.,* 433 F.2d 210 (1970).

The Court also notes that two recent decisions within the Sixth Circuit have denied similar requests for relief. See *Amerace Corporation, Esna Division v. National Labor Relations Board,* Civil Action No. C 75–533 (D.C.Tenn. December 15, 1975; *National Labor Relations Board v. Hardeman Garment Corporation,* 406 F.Supp. 510, Civil Action No. C 75–148 (D.C.Tenn.1976). See also *Roger J. Au & Son, Inc. v. National Labor Relations Board,* 405 F.Supp. 1200, Civil Action No. 76–027 (D.C.Pa.1976). But see *Chrysler Corp. v. N. L. R. B., supra.*

Accordingly, the motion for a preliminary injunction enjoining defendants from proceeding with the February 17, 1976 hearing is hereby denied.

IT IS SO ORDERED.

**3.** The Court recognizes that the Supreme Court did not reverse on the grounds that the district court lacked jurisdiction. Yet, for the reasons previously enunciated, the Court is of the opinion that it is without jurisdiction to grant the relief sought.