## SOUTHWEST MOTOR FREIGHT, INC.

### v.

## NATIONAL LABOR RELATIONS BOARD and Gilbert Cohen, acting Region 10 Director.

### No. CIV-1-76-69.

United States District Court, E. D. Tennessee, S. D.

April 13, 1976.

Scruggs, Seal & Alt, Mack O'Rear, Chattanooga, Tenn., for plaintiff.

Steven Hise, NLRB, Region 10, Atlanta, Ga., for defendant.

## MEMORANDUM

FRANK W. WILSON, Chief Judge.

■ This is an action brought pursuant to the Freedom of Information Act (FOIA), 5 U.S.C.A. § 552, to compel the defendant agency to divulge certain information pending a hearing before the Agency, and to enjoin the hearing until such time as the plaintiff has been able to review the information to be obtained. Jurisdiction of the Court is asserted under 5 U.S.C.A. § 552(a)(3) and is in dispute, as will appear. Upon April 12, 1976 at 11:00 A.M. a hearing was held before the Court at which counsel for both parties were present. The case is presently before the Court upon the defendant's motions to dismiss and for summary judgment.

At issue are two items of information obtained by N.L.R.B. during its investigation of alleged unfair labor practices of the plaintiff employer consisting of (1) a list of witnesses to be called by the N.L.R.B. at its complaint hearing and (2) the names of those employees allegedly subjected to unfair labor practices by the plaintiff. A right of access to this information is asserted under 5 U.S.C. § 552.

Two interrelated questions are presented by the motion for a preliminary injunction: first, whether the Court has jurisdiction to interfere with an N.L.R.B. complaint hearing for the purpose of compelling disclosure under FOIA; second, if the Court has such power, whether the Court has jurisdiction to enjoin the N.L.R.B. proceedings pending a decision.

■ It has long been established that courts are without jurisdiction to enjoin N.L.R.B. proceedings, *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), and that the sole method of challenging either a procedural or substantive order entered therein is through an appeal under Sec-

tion 10(e) and (f) of the National Labor Relations Act, 29 U.S.C. § 160(e), (f). *See, McClain Industries, Inc. v. N.L.R.B.,* 521 F.2d 596 (6th Cir. 1974); *Vapor Blast Mfg. Co. v. Madden,* 280 F.2d 205 (7th Cir. 1960). Citing *Myers v. Bethlehem Shipbuilding Corp., supra,* the Sixth Circuit has held that this policy of nonreviewability was not altered by passage of FOIA. *Sears, Roebuck & Co. v. N.L. R.B.,* 433 F.2d 210 (6th Cir. 1970). There it was stated that dismissal of a similar suit was proper because the district court did not have power "to enjoin or to review" N.L.R.B. decisions. *Id.* at 211. *Cf., United Telephone Co. v. F.C.C.,* 375 F.Supp. 992, 997 (M.D.Pa.1974).

■ The Court is persuaded by the reasoning in *Sears, Roebuck, supra,* and in an analogous case holding that judicial interference with adjudicatory agency proceedings of the Renegotiation Board is not warranted by FOIA. *Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). There the Court determined that the district court had no power to issue an injunction. "[W]ere it otherwise, the effect would be that renegotiation . . . would be supplanted and defeated by an FOIA suit." *Id.* at 20, 94 S.Ct. at 1038, L.Ed.2d at 137. Similarly, the delay and expense incident to a suit for injunctive relief under FOIA could defeat the purposes of the National Labor Relations Act, whether the relief be enjoining agency proceedings or enjoining the Agency's denial of discovery. *Cf., Renegotiation Board v. Bannercraft Co., supra; Sears, Roebuck & Co. v. N.L.R.B., supra.*

■ The plaintiff, in addition, implicitly refers to § 10(e) of the Administrative Procedure Act, 5 U.S.C. § 1009(e), which provides that a court shall compel agency action unlawfully withheld, citing *Deering Milliken, Inc. v. Johnston,* 295 F.2d 856 (4th Cir. 1961). However, that court clearly stated that § 10(e) applies only where there "is no adequate administrative or judicial remedy," *Id.* at 862, the same test employed by the Supreme Court in *Renegotiation Board* in its find-

ing that FOIA did not supplant the statutory scheme of review. Here, the appeals procedures provided by 29 U.S.C. § 160 negates application of § 10(e). *Cf., Thompson Products v. N.L.R.B.,* 133 F.2d 637, 639–640 (6th Cir. 1943).

An order will enter accordingly denying the plaintiff's motion and dismissing this lawsuit for lack of subject matter jurisdiction in this court.