SELIGMAN & ASSOCIATES, INC.,
Plaintiff-Appellant,

v.

NATIONAL LABOR RELATIONS
BOARD, Defendant-Appellee.

No. 83–1279.

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 8, 1985.

Decided Feb. 25, 1985.

Richard Bisio (argued), Hyman, Gurwin, Nachman, Friedman & Winkelman, Southfield, Mich., for plaintiff-appellant.

Margery E. Lieber, Asst. Gen. Counsel, Eric Moskowitz (argued), N.L.R.B., Washington, D.C., for defendant-appellee.

Before KEITH, JONES and KRUPANSKY, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Seligman and Associates, Inc. (Seligman), appeals from the judgment of the district court dismissing Seligman's complaint seeking modifications of an order of defendant-appellee, the National Labor Relations Board (The Board). The order of the Board which Seligman seeks to modify requires Seligman to post a notice informing its employees that it would cease certain unlawful conduct and offer reinstatement to and make whole particular discharged employees. The district court determined that it lacked subject matter jurisdiction over the action.

The National Labor Relations Act (the Act) grants the Board the sole authority to administer the unfair labor practice provision of the Act, subject to review in the United States Court of Appeals. 29 U.S.C. § 160(f); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48, 58 S.Ct. 459, 462, 82 L.Ed. 638 (1938); *Dunn v. Retail Clerks Int'l Ass'n*, 307 F.2d 285, 288 (6th Cir.1962). Since the order of the Board from which Seligman seeks relief is subject to review only in the court of appeals, the district court properly determined that it lacked subject matter jurisdiction.[1] Accordingly, the district court's deci-

---

1. In any event, Seligman is being permitted the opportunity to request that the Board modify the notice at issue in a supplemental proceeding pending before the Board. If upon completion of the Board's supplemental proceeding, Seligman wishes court review of the propriety of the Board's notice posting requirement, it may then

sion dismissing Seligman's complaint is hereby AFFIRMED.

seek to present its argument directly to the court of appeals pursuant to 29 U.S.C. § 160(f).