## FIELDS v. COMMUNITY FEDERAL SAVINGS & LOAN ASS'N et al.

### No. 766.

District Court, W. D. Missouri, W. D.

Feb. 15, 1941.

Henderson, Deacy, Henderson & Swofford, of Kansas City, Mo., for plaintiff.

Charles M. Miller, of Kansas City, Mo., for defendants.

OTIS, District Judge.

It was admitted on the argument that both of the defendants (and both joined in the petition to remove) were incorporated under an Act of Congress and are federal corporations.

Until February 13, 1925, it was the law that a suit against a federal corporation, if the jurisdictional amount was involved, was a removable suit for that it was a suit arising under the laws of the United States. Osborn v. United States Bank, 9 Wheat. 738, 6 L.Ed. 204; Union Pac. R. Co. v. Myers (Texas, etc., Ry. Co. v. Kirk), 115 U.S. 1, 2, 5 S.Ct. 1113, 29 L. Ed. 319. On February 13, 1925, what is now Section 42, Title 28 U.S.C.A. was enacted providing that "No district court shall have jurisdiction of any action or suit by or against any corporation upon the ground that it was incorporated by or under an Act of Congress. This section shall not apply to any suit, action, or proceeding brought by or against a corporation incorporated by or under an Act of Congress wherein the Government of the United States is the owner of more than one-half of its capital stock."

The effect of the act of February 13, 1925, was not to legislate that a proceeding against a federal corporation does not arise under the laws of the United States. (Congress could not exercise judicial power and such a declaration would be an exercise of judicial power), but was only to remove from the jurisdiction of federal courts such cases arising under the laws of the United States as suits against federal corporations in which the government was not the owner of more than one-half of the capital stock. As to corporations in which the government was the owner of more than one-half of the capital stock, the jurisdiction of the federal courts was left as it always had been.

One of the defendants here is a corporation all of whose capital stock is owned by the government. A suit against that corporation, for whatever reason it is sued, is a suit arising under the laws of the United States under the decisions of the Supreme Court. The essence of those decisions is that such a suit arises under the laws of the United States, not because of the character of the suit nor the relief

demanded in it, but merely because the defendant sued is a federal corporation. While it is certainly quite plausible to argue that a suit on a contract against a federal corporation is not a suit arising under the laws of the United States since no right conferred by those laws is sought to be enforced and no defense under those laws is sought to be avoided, still the Supreme Court has said it is a suit arising under the laws of the United States and that must determine the question so far as this court is concerned.

The motion to remand is overruled. So ordered.