Armand A. MAYER, Plaintiff-Appellant,

v.

Arnold ORDMAN, as General Counsel of the National Labor Relations Board, Defendant-Appellee.

No. 18058.

United States Court of Appeals
Sixth Circuit.

March 29, 1968.

David G. Heilbrun, Southfield, Mich., for appellant on brief.

Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Gary Green, Alan D. Eisenberg, Attys., N. L. R. B., Washington, D. C., for appellee on brief.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This action is based upon the refusal of the General Counsel of the National Labor Relations Board to investigate certain charges of unfair labor practices. Averring that he was wrongfully discharged by his employer, plaintiff sought mandatory and declaratory relief to require the General Counsel to investigate.

District Judge Fred W. Kaess dismissed the action for lack of jurisdiction over the subject matter for the reasons stated in his order which is made an appendix to this opinion.

■ This panel was appointed by the Chief Judge under Rule 3(5) of the rules of this Court to review the next pending cases on the docket. It is well settled that the National Labor Relations Act precludes District Court review of the manner in which the General Counsel of the Board investigates unfair labor practice charges and determines whether to issue a complaint thereon. Vaca v. Sipes, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638; N.L.R.B. v. Tennessee Products & Chemical Corp., 329 F.2d 873 (6th Cir.); Dunn v. Retail Clerks International Association, AFL-CIO, Local 1529, 307 F.2d 285 (6th Cir.); United Electrical Contractors Assn. v. Ordman, 366 F.2d 776 (2d Cir.), cert. denied, 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674.

■ The District Court clearly was correct in holding that it had no jurisdiction in this action. We therefore find that the appeal is frivolous and entirely without merit. The appeal is dismissed under Rule 18(6) of the rules of this Court, as amended December 12, 1967.*

APPENDIX

Plaintiff brings this action under the Fifth Amendment to the United States Constitution and Sections 1337 (Administrative Procedures Act) and 2201 (Declaratory Judgments Act) of Title 28, U.S.C.

The complaint alleges that defendant, as the person possessing final authority on behalf of the National Labor Relations Board, has failed and refused to investigate and inquire into the reasons why plaintiff's former employer, Earl C. Smith, Inc., had fired plaintiff.

It appears from the record that on May 13, 1966 plaintiff filed an unfair labor practice charge with the Regional Office of the National Labor Relations Board. The charge alleged that Earl C. Smith, Inc. had violated Section 8(a) (1) and (3) of National Labor Relations Act by refusing to re-hire plaintiff Mayer and by threatening its employees. The Regional Director declined to issue a complaint on the grounds that there was no evidence to support the allegation of threats and that the refusal to re-hire was based on the same reasons as for plaintiff's discharge in August, 1964, which had been the subject of a prior National Labor Relations Board investigation. In the prior investigation the Regional Director had declined to issue a complaint for the reason that the propriety of the discharge had been heard and approved by an arbitration committee under the provisions of the collective bargaining contract between the company and Truck Drivers Local 299, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, the collective bargaining representative of plaintiff, and other employees of Earl C. Smith, Inc.[1]

After the Regional Director's refusal to issue a complaint in each case, plaintiff appealed to the office of the General Counsel in Washington. The General Counsel, after de novo review, sustained the Regional Director's decisions. Plaintiff now brings this action seeking a declaratory judgment, setting forth his rights under the National Labor Relations Act, and a mandatory injunction to compel the General Counsel to investigate further into the merits of the unfair labor practice charges filed by him.

It is plaintiff's contention that the arbitration hearing on which General Counsel and Regional Director based their decisions not to issue a complaint was unfair, arbitrary, and lacked due process, because plaintiff did not have sufficient time to prepare his claim of unlawful discharge, and that therefore the National Labor Relations Board officials should not have held it binding on plaintiff. Plaintiff further argues the National Labor Relations Board policy of allowing participation in a private arbitration proceeding to deprive a person of statutory rights is based on erroneous and outdated law.

Defendant moves to dismiss on the grounds that this court has no jurisdiction over the subject matter and that the complaint fails to state a claim upon which relief can be granted. In the alternative, defendant moves for summary judgment. The motion for summary judgment is supported by an affidavit by the Regional Director of the National Labor Relations Board, setting forth the various investigations and findings and stating that the evidence

---

* "(6) Frivolous and Unmeritorious Appeals.
    "If upon the hearing of any interlocutory motion or as a result of a review under Rule 3(5), it shall appear to the Court that the appeal is frivolous and entirely without merit, the appeal will be dismissed."

[1]. Plaintiff claimed he was fired for Union activity. The Company said it had discharged him because of several accidents.

did not warrant the issuance of a complaint for unfair labor practices. Plaintiff has filed a cross-motion for summary judgment.

Section 3(d) of National Labor Relations Act [29 U.S.C. § 153(d)] provides that:

"the General Counsel * * * shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title, and in respect of the prosecution of such complaints before the Board * * *."

By regulation the General Counsel has delegated authority to Regional Directors to issue such complaints (Regs. 29 C.F.R. § 102.15). A refusal of the Regional Director to issue a complaint may be appealed to the General Counsel (Regs. 29 C.F.R. § 102.19). The General Counsel has a wide discretion in determining whether a complaint should issue, and the Act provides no appeal from his decision, e. g., NLRB v. Indiana & Michigan Elec. Co., 318 U.S. 9, 18–19, 63 S.Ct. 394, 87 L.Ed. 579 (1943); Dunn v. Retail Clerks Int. Ass'n, 307 F.2d 285 (6th Cir. 1962).

The cases are clear that Congress has provided an administrative tribunal, the National Labor Relations Board, to administer the Labor Acts and that, other than final orders from the NLRB, which are appealable to the United States Courts of Appeal, the power of the Board in disputes between labor and management is exclusive. E. g., Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1st Cir. 1938); Dunn v. Retail Clerks Int. Ass'n, supra; Thompson Products, Inc. v. NLRB, 133 F.2d 637, 640 (6th Cir. 1943); Jacobsen v. NLRB, 120 F.2d 96 (3rd Cir. 1941).

Thus, it is apparent that this court has no jurisdiction of this action. In the Dunn case, the 6th Circuit expressly affirmed the refusal of the District Court to issue an injunction requiring the Regional Director to investigate and act on an employer's complaint of unfair labor practice by a Union, stating:

"Foreclosed as we are from entrance by judicial writ into such a situation, we must leave an injured party to the assistance of those empowered to apply administrative remedies or executive correction." [2]

Plaintiff argues that Dunn v. Retail Clerks Int. Ass'n, supra, is not applicable because here plaintiff is not asking the court to order the General Counsel to issue a complaint, but is only requesting that he be ordered to investigate. Nevertheless, it is clear that despite his protestations otherwise, plaintiff is in effect asking this court to tell the General Counsel to perform an act which he in his discretion has determined not to do, or which he has done to his own satisfaction. This is what Dunn specifically states this Court has no jurisdiction to do.

Plaintiff's reliance on the grant of general jurisdiction, the constitution and the Administrative Procedure Act, and the Declaratory Judgments Act, are not sufficient. A review by the Federal District Courts is not always necessary to preserve or protect rights created by Congress. Switchmen's Union of North America v. National Mediation Bd., 320 U.S. 297, 301, 64 S.Ct. 95, 88 L.Ed. 61 (1943). Congress is entitled to determine the remedy it will provide, the extent to which it should be accorded and the means by which it should be made effective. Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 264, 60 S.Ct. 561, 84 L.Ed. 738 (1940). In enacting the National Labor Relations Act, Congress created specific rights and specific remedies. It did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It confined the primary interpretation and application of the Act to a

2. As was stated in Dunn, the position of the General Counsel is much the same as that of the United States Attorney in determining whether a criminal charge should be issued.

specific and specially constituted tribunal, the National Labor Relations Board. Garner v. Teamsters, Chauffeurs and Helpers Local Union, 346 U.S. 485, 490, 74 S.Ct. 161, 98 L.Ed. 228 (1953). "Consequently, as a general rule, neither state nor federal courts have jurisdiction over suits directly involving an activity [which] is arguably subject to § 7 or § 8 of the Act. San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, at 245, 79 S.Ct. 773, 3 L.Ed.2d 775." Vaca v. Sipes, 386 U.S. 171, 179, 87 S.Ct. 903, 911, 17 L.Ed. 2d 842 (1967).

It is expressly provided in Section 10 of the Administrative Procedure Act that there is no judicial review where "agency action is committed by law to agency discretion." It is clear from the cases cited above, and many others, that refusal by the NLRB to issue a complaint is an exercise of discretion unreviewable by the courts. Also, in Senate Report No. 752 (79th Congress, 1st Session 43) the United States Attorney General specifically stated that refusal to issue a complaint under the National Labor Relations Act is not reviewable as provided in Section 10.

With regard to the Declaratory Judgments Act, it is sufficient to say that it does not confer jurisdiction on the District Courts, but merely provides an additional remedy where there is jurisdiction. Skelly Oil Co. v. Phillips Pet. Co., 339 U.S. 667, 671–672, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

With regard to plaintiff's assertion of violation of his Constitutional rights by virtue of deprivation of property without due process, it is clear that the rights plaintiff seeks to enforce are statutory rights created expressly by Congress, and not Constitutional rights. Plaintiff has no Constitutional right to a Board action in his behalf. This is a statutory remedy provided for the public benefit, to be applied in the discretion of the General Counsel. I see no Constitutional question here. McLeod v. Local 476,

United Brotherhood of Industrial Workers, 288 F.2d 198, 201 (2d Cir. 1961). See also, Potter v. Castle Const. Co., 355 F.2d 212, 216, 217 (5th Cir. 1966).

The Court did not consider the correctness of the General Counsel's reliance on the so-called "Spielberg doctrine" [3] or the validity of the arbitration proceeding. The issue here considered is that of jurisdiction. As this Court has no authority to order the General Counsel to exercise his discretion, there is no need to pass upon these other grounds asserted for dismissal, or on the motions for summary judgment.

It is ordered that defendant's motion to dismiss for lack of jurisdiction of the subject matter is granted.

---

3. Spielberg Mfg. Co., 112 NLRB 1080, 1082 (1955).