**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BOWLING GREEN, KENTUCKY, Plaintiff,**

v.

**H. Earl McREYNOLDS, Defendant.**

**No. 1326.**

United States District Court
W. D. Kentucky,
Bowling Green Division.

April 17, 1969.

Bell, Orr & Reynolds, by Jerry Moore, Bowling Green, Ky., for plaintiff.

J. Granville Clark, Russellville, Ky., for defendant.

## MEMORANDUM

SWINFORD, District Judge.

Plaintiff seeks a declaration that its employment contract with defendant is void under the regulations promulgated by the Federal Home Loan Bank Board pursuant to section 1464 of Title 12, United States Code, and alleges that this court has jurisdiction under section 1331 of Title 28. Defendant has moved to dismiss for lack of jurisdiction over the subject matter and has counterclaimed for damages for breach of the employment contract which plaintiff alleges in its Complaint to be void under federal law.

■ This court is presented with a situation where a plaintiff seeks a declaration that he is immune, because of a federal right, from a non-federal cause of action which the defendant may have (and which he has asserted by Counterclaim). In such a situation, there are two possible views. See 1 Barron & Holtzoff (Wright), Federal Practice and Procedure, sec. 39, pp. 209–211; Note, Federal Question Jurisdiction and the Declaratory Judgment Act, 55 Ky.L.J. 150. These two views stem from the well-established rule that the existence of a federal question must appear on the face of the plaintiff's well-pleaded complaint, and that it cannot be dependent on anticipation of defenses which the defendant may later assert. The two views are stated in Barron & Holtzoff, supra at 209:

"There are two possible applications of this rule to declaratory judgment actions. The complaint in such an action may be judged on its own merits; if it reveals a federal claim, then jurisdiction will exist. But this, as will be seen, would permit some cases to be brought in federal court which could not be so brought absent the Declaratory Judgment Act. The alternative is to say that the declaratory action may be entertained in federal court only if the coercive action which would have been brought, absent declaratory judgment procedure, might have been so brought."

Under the first view, this court would have subject matter jurisdiction in the instant case. But under the second view, this court would have no jurisdiction.

■ It is axiomatic that the Declaratory Judgment Act cannot be used to give relief indirectly which cannot be given directly. The statute is procedural and does not supply an independent ground of jurisdiction. Skelly Oil Co. v. Phillips Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194; Rolls-Royce Limited v. United States, 364 F.2d 415, 419, 176 Ct.Cl. 694; Mayer v. Ordman, 6 Cir., 391 F.2d 889, 892. Although the "broad view" may have the merit of simplicity, this court is persuaded by the dicta in Skelly Oil Co. v. Phillips Co., supra, 339 U.S. at 671–674, 70 S.Ct. 876.

In that case the Court, after noting the legislative trend to contract the jurisdiction of the federal courts, said:

> "To be observant of these (jurisdictional) restrictions is not to indulge in formalism or sterile technicality. * * * To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act." 339 U.S. at 673–674, 70 S.Ct. at 880.

This court does not believe that Congress, in enacting the Declaratory Judgment Act, intended to permit a person to invoke the jurisdiction of the federal courts merely because he commenced a declaratory judgment action before the other party was able to commence his nonremovable coercive action in state court. To permit him to do so would be to permit him to do indirectly that which he cannot do directly.

The case of Community Federal Savings and Loan Ass'n v. Fields, 8 Cir., 128 F.2d 705, cited by plaintiff, may be authority for the merits of plaintiff's claim, but it does not support his jurisdictional claim. That was an action by an individual against a federal savings and loan association and its receiver. It was removed to federal court and a motion to remand was overruled. The appellate court expressly stated that the overruling of this motion was not an issue on appeal, and thus the court did not determine the question of federal jurisdiction. Indeed, the district court's opinion, reported in 37 F.Supp. 367, reveals that jurisdiction was based on the fact that the federal government owned more than one-half of the capital stock of one of the defendants.

██ This is a court of limited jurisdiction and those limitations must be strictly observed. See Walsh v. American Airlines, E.D.Ky., 264 F.Supp. 514. Defendant's motion to dismiss for lack of jurisdiction over the subject matter should be sustained.

An order in conformity with this memorandum is this day entered.