**Josué SÁEZ, Plaintiff,**

v.

**Eugene G. GOSLEE, as acting General Counsel and/or Peter G. Nash, General Counsel of the National Labor Relations Board, Defendants.**

**Civ. No. 574-71.**

United States District Court,
D. Puerto Rico.

Dec. 2, 1971.

George L. Weasler and Pedro Purcell Ruiz, Santurce, P. R., for plaintiff.

Marcel Mallet-Prevost, Glen M. Bendixen, Stephen Solomon, Washington, D.

C., Vincent M. Rotolo, Hato Rey, P. R., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TOLEDO, District Judge.

On August 6, 1971, plaintiff filed its complaint essentially seeking to compel the General Counsel of the Board to issue an unfair labor practice complaint based on a charge filed with the Regional Director. Defendant moved to dismiss the complaint on the grounds that (1) this Court lacks jurisdiction over the subject matter of the action, and (2) the complaint fails to state a claim on which relief can be granted. Upon full consideration, the Court makes the following:

### FINDINGS OF FACT

1.—On February 8, 1971, plaintiff filed an unfair labor practice charge in Board Case No. 24–CA–2981, with the Board's Regional Office for the Twenty-fourth Region. The charge alleged that on February 6, 1971, Sea-Land Service, Inc., terminated the plaintiff's employment because of his membership and activities in behalf of Local 1402 of Office and Professional Employees International Union, AFL-CIO, in violation of Section 8(a) (1) and (3) of the National Labor Relations Act.

2.—On February 26, 1971, following a full administrative investigation, the Regional Director dismissed plaintiff's charge on the ground that he was a supervisor, not an employee. Thus, the Regional Director advised the plaintiff by letter of February 26, 1971, that "assuming without deciding that you were engaged in union activities and that you were discharged from said activities, the Act does not protect you since supervisors are not included in the definition of 'employees', who have the protection of Section 8(a) (1) and (3) of the Act."

3.—On April 1, 1971, the General Counsel sustained the Regional Director's decision that plaintiff was a supervisor within the meaning of Section

2(11) of the Act. The appeal was denied essentially for the reasons set forth in the Regional Director's letter of February 26, 1971, which considered that the plaintiff, Josué N. Sáez, had a supervisory title, as Sáez' two affidavits, dated February 8, and 17, 1971, disclosed the following: "Plaintiff was in charge of 14 to 16 employees; he determined the number of men to be used; he assigned them to their places of work; he checked the utilities' work; he decided which equipment was serviceable and which needed shop repair; he performed no utility work and limited inspection work; he prepared employee time reports; he authorized some employees to leave without consulting his superior; he transferred a utility man from his gang to another if requested by a supervisor; he issued verbal warnings to employees if they did not perform their job; he rejected unsatisfactory employees; he was replaced by a supervisor when away from work; he attended supervisor meetings; he was paid differently than rank-and-file; he did not punch a time card like the rank-and-file; and he discussed grievances casually with the union steward."

4.—On August 6, 1971, plaintiff filed the complaint in the instant case seeking, in effect, a writ of mandamus, directing the Board to issue a complaint based on his unfair labor practice charge.

5.—On August 20, 1971, plaintiff served defendant with notices of taking depositions on September 20, 1971, to take the oral testimony of five attorneys and field examiners of the Board's Regional Office.

6.—On September 16, 1971, plaintiff served subpoenas for taking depositions on four of the above representatives of the Regional Office to appear at the scheduled deposition.

7.—On September 17, 1971, defendant served its objection to subpoenas for taking depositions under Rule 45(d) and its motion for a protective order under Rule 26(c) directing that discovery not be had. On the same day, defendant also filed its motion to dismiss the complaint on the ground that this Court lacked jurisdiction over the subject matter of the action.

8.—On September 27, 1971, following defendant's agents' failure to appear at the September 20 deposition, plaintiff served defendant with a motion for Attachment of Witnesses, requesting this Court to issue an order to show cause why the subpoenaed witnesses should not be held in contempt for disobeying the subpoenas. On the same day, the plaintiff filed a motion for Summary Judgment accompanied with a Memorandum of Law in support of said motion, as required by Rule 2 of the Rules of this Court.

9.—On October 15, 1971, the defendant filed his opposition to plaintiff's motion for an Order to Show Cause and in the memorandum in support of said motion, defendant cited the case of Catalytic Industrial Maintenance Co. v. Raymond J. Compton, et als, 333 F.Supp. 533, decided on September 29, 1971, by Honorable Judge Fernández Badillo in the District Court of Puerto Rico.

## CONCLUSIONS OF LAW

Section 3(d) of the National Labor Relations Act, (29 U.S.C.A. § 153(d)), provides that "the General Counsel of the Board . . . shall have final authority, on behalf of the Board, in respect of the investigation of charges and the issuance of complaints under Section 160 . . ." This provision and the other pertinent sections of the National Labor Relations Act have uniformly been interpreted to preclude judicial review of the General Counsel's processing of charges. Even prior to the 1947 amendments to the Act, in a long and unbroken line of decisions of the National Labor Relations Act, it was held that Section 10(b) vested in the Labor Board, the discretionary power to issue or withhold a complaint. In Jacobsen v. NLRB, 120 F.2d 96 (3 Cir., 1941), the Court held it was within the sound dis-

cretion of the Board whether or not it should issue a complaint. The 1947 amendments to the Act did not change the language of Section 10(b) and the same rule, as applied with the Board, should apply to the General Counsel.[1]

In 1948, the United States Court of Appeals for the First Circuit, in Lincourt v. NLRB, 170 F.2d 306, gave its thinking on the matter, in a per curiam decision holding that the issuance of a complaint in the name of the Labor Board charging unfair labor practices was a matter of administrative discretion.

In spite of this well settled doctrine, plaintiff seeks to have this Court review and evaluate the General Counsel's decision in the instant case to refuse to issue an unfair labor practice complaint. He argues that the defendant, by accepting evidence of witnesses without plaintiff's knowledge and without affording plaintiff the opportunity of a hearing to examine and cross examine evidence and witnesses, which defendant had in its possession, and interviewed during defendants' investigation, is a denial of due process and of the rights guaranteed to plaintiff by the Constitution of the United States of America and the Administrative Procedure Act (5 U.S.C.A. § 554 et seq.), and an improper and illegal mixing of the judicial and administrative functions.

However, these alleged irregularities fail to provide a basis for district court jurisdiction. Indeed, the Courts have rejected attempts to supervise the manner in which the general counsel exercises his statutory authority. In Mayer v. Ordman, 391 F.2d 889, (C.A. 6, 1968), cert. denied, 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261, the Court stated at page 891:

"The cases are clear that Congress has provided an administrative tribunal, the National Labor Relations Board, to administer the Labor Acts and that, other than final orders from the NLRB, which are appealable to the United States Courts of Appeal, the power of the Board in disputes between labor and management is exclusive . . . Plaintiff's reliance on the grant of general jurisdiction, the constitution and the Administrative Procedure Act, and the Declaratory Judgments Act, are not sufficient. A review by the Federal District Courts is not always necessary to preserve or protect rights created by Congress. Switchmen's Union of North America v. National Mediation Bd., 320 U.S. 297, 301, 64 S.Ct. 95, 88 L.Ed. 61 (1943). Congress is entitled to determine the remedy it will provide, the extent to which it should be accorded and the means by which it should be made effective. Amalgamated Utility Workers v. Consolidated Edison Co., 309 U.S. 261, 264, 60 S.Ct. 561, 84 L. Ed. 738 (1940)."

Thus, plaintiff's reliance on the Administrative Procedure Act (5 U.S.C. § 554 et seq.), as a ground for involving

1. Wellington Mill Div., West Point Mfg. Co. v. N.L.R.B., 330 F.2d 579, 590 (C.A. 4, 1964), cert. denied, 379 U.S. 882, 84 S.Ct. 144, 13 L.Ed.2d 88; Contractor's Ass'n. of Phila., et al. v. N.L.R.B., 295 F.2d 526 (C.A. 3, 1961), cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 612; Dunn v. Retail Clerks Local 1529, 307 F.2d 285 (C.A. 6, 1962); Balanyi v. Local 1031, IBEW & N.L.R.B., 374 F.2d 723 (C.A. 7, 1967); United Electrical Contractor's Ass'n v. Ordman, 366 F.2d 776 (C.A. 2, 1962), cert. denied, 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674; Division 1267, Amal. Ass'n., etc. v. Ordman, 116 U.S.App.D.C. 7, 320 F.2d 729 (1963); N.L.R.B. v. Lewis, 310 F.2d 364, 366 (C.A. 7, 1962); Retail Store Employers Union Local 954 v. Rothman, 112 U.S.App.D.C. 2, 298 F.2d 330, 331–332 (1960), cert. denied, 364 U.S. 909; Bandlow v. Rothman, 108 U.S.App.D.C. 32, 278 F.2d 866 (1962); Mayer v. Ordman, 391 F.2d 889 (C.A. 6, 1968), cert. denied, 393 U.S. 925, 89 S.Ct. 257, 21 L.Ed.2d 261; Hourihan v. N.L.R.B., 91 U.S.App.D.C. 316, 201 F.2d 187, 188 (1952), cert. denied, 345 U.S. 930, 73 S. Ct. 792, 97 L.Ed. 1359; General Drivers, etc. v. N.L.R.B., 179 F.2d 492, 494 (C.A. 10, 1950); Thompson Products, Inc. v. N.L.R.B., 133 F.2d 637, 639–640 (C.A. 6, 1942); Drusky v. Shore, Civil No. 68–124, W.D., Pa., 1968, 67 LRRM 2990.

this Court's jurisdiction, is misplaced. As the Court of Appeals for the Third Circuit concluded in Local 542, International Union of Operating Engineers v. N.L.R.B., 328 F.2d 850 (C.A. 3, 1964), cert. den., 379 U.S. 826, 85 S.Ct. 52, 13 L.Ed.2d 35:

"There is nothing in Section 10 or any other clause of the Administrative Procedure Act which extends the jurisdiction of either the district courts or the appellate courts to cases not otherwise within their competence."

In addition, Section 10 of the Administrative Procedure Act, (5 U.S.C. Sec. 701(a) (2)), specifically excepts from its coverage "agency action is committed to agency discretion by law".[2]

Thus, the question of whether the General Counsel should issue an unfair labor practice complaint in a particular case is by law committed to his discretion.

In the case of Mayer v. Ordman (supra), and with regard to plaintiff's assertion of violation of his constitutional rights by virtue of deprivation of property without due process, the Court stated 391 F.2d at the end of page 892:

.   .   .   "It is clear that the rights plaintiff seeks to enforce are statutory rights created expressly by Congress, and not constitutional rights. Plaintiff has no constitutional right to a Board action in his behalf. This is a statutory remedy provided for the public benefit to be applied in the discretion of the General Counsel."

Similarly, in Dunn v. Retail Clerks, Local 1529, 307 F.2d 285, (C.A. 6, 1962), the Court considered itself without jurisdiction to remedy alleged inadequacies in the General Counsel's investigation of an unfair labor practice charge. The Court there noted that it was "foreclosed   .   .   .   from entrance by judicial writ into such a situation" and that it

would have to "leave an injured party to the assistance of those empowered to apply administrative remedies or executive correction."

Plaintiff cites the Supreme Court's decision of Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958) and the Second Circuit's decision in Fay v. Douds, 172 F.2d 720 as indicative of a trend of the courts to afford a remedy, apart from the review provisions of the Wagner Act, upon a showing that unlawful action of the Board has inflicted injury to a petitioner. But these cases have authorized district courts intervention only in the extraordinary situation where the Board's action violated an express statutory mandate (Leedom v. Kyne, supra), or resulted in the deprivation of a substantial constitutional right.

Thus, the Supreme Court in Leedom v. Kyne (supra), states, 358 U.S. at page 188, 79 S.Ct. at page 184:

"This suit is not one to 'review', in the sense of that term as used in the Act, a decision of the Board made within its jurisdiction. Rather it is one to strike down an order of the Board made in excess of its delegated powers and contrary to a specific prohibition in the Act."

It should also be noted by plaintiff that the cases of Leedom v. Kyne, supra, and Fay v. Douds, supra; were specifically directed at Board action in Section 9, representation proceedings, and have never been extended to apply to the issuance of unfair labor practice complaints under Sections 8 and 10.

Finally, the plaintiff in trying to convince the Court that he has been deprived of statutory rights protected by the Constitution, cites the recent case of Amalgamated Association of Street, Electric Railway and Motor Coach Employees v. Lockridge, (June 1971), 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473,

2. In a statement appended to the Senate Committee Report on the Administrative Procedure Act, the Attorney General noted that Section 10 of the A.P.A. did not provide for judicial review of "matters committed partly or wholly to agency discretion such as the refusal of the Board to issue an unfair labor practice complaint." S.Rep.No.752, 79th Congress 1st Sess. 43; Administrative Procedure Act —Legs. Hist.; Sen. Document No. 248, 79th Congress, 2nd Sess. 229–30 (G.P.O., 1946).

where Justice Douglas in the dissenting opinion at 403 U.S. 305, 91 S.Ct. at 1927, 29 L.Ed.2d 493, footnote 2, states:

"Since we have yet to rule on the review ability of the refusal of the General Counsel to act, that route might be open although at present the authority is to the contrary."

While this Court is fully aware that the case law is strongly against the general contentions urged by the plaintiff, we also recognize that the law in this area is in a state of flux. What petitioner seeks, however, is not only that we accept the newer doctrine, but that we extend it to a case in which the factual basis does not merit it since, as fully detailed in the General Counsel's decision to sustain the Regional Director's dismissal of the charge, there was ample evidence disclosed by the investigation to support the conclusion that plaintiff was a supervisor not protected by Section 8(a) (3) and (1) of the Act.

For the reasons set forth in the foregoing findings of fact and conclusions of law, the complaint herein is dismissed and the requested discovery becomes moot and abate. A separate judgment will be entered accordingly.