**GARAN, INC., Plaintiff,**

v.

**John J. A. REYNOLDS, Jr., as Regional Director, Twenty-Sixth Region, National Labor Relations Board, an agency of the United States of America, Defendant.**

**No. EC 74–10–S.**

United States District Court, N. D. Mississippi, E. D.

Feb. 4, 1974.

Kenneth E. Milam and James Hugh Ray of Lumpkin, Holland & Ray, Tupelo, Miss., Michael S. Fawer, Carl S. Downing of Kullman, Lang, Inman & Bee, New Orleans, La., for plaintiff.

Jack L. Berger and Keith A. Warren, Memphis, Tenn., Russell H. Gardner, Washington, D. C., for defendant.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The plaintiff, Garan, Inc., filed a verified complaint in the action sub judice on January 28, 1974, seeking an injunction against defendant, John J. A. Reynolds, Jr., Regional Director of the Twenty-Sixth Region of the National Labor Relations Board (Board), to restrain him from conducting a hearing in N.L.R.B. Cases Nos. 26–CA–4899, –1, –2, –3; 26–CA–4908, –2, –3; 26–CA–4922; and 26–RC–4631 until March 5, 1974, or as soon thereafter as shall be just and reasonable.

The action was set for hearing at the United States Courthouse in Aberdeen, Mississippi, at 2:00 o'clock P.M. on February 1, 1974. A copy of the order to show cause why the injunction should not issue, entered by the court on January 29, 1974, was served upon counsel for defendant, and the defendant notified of the hearing by telegraphic means on the date last mentioned. The parties appeared through counsel at the time and place designated. The action was submitted on the record and briefs and argument of counsel.

After a careful consideration of the issues presented, the court is of the opinion and so finds that the court does not have jurisdiction of the controversy, and defendant's motion to dismiss for lack of jurisdiction over the subject matter of the action should be granted pursuant to Rule 12(b)(1) F.R.Civ.P.

It appears from the verified complaint that plaintiff, a New York corporation, operates manufacturing plants in Kosciusko, Starkville and Lambert, Mississippi. Each plant is a separate corporation organized under the laws of the state of New York, and each is a wholly owned subsidiary of plaintiff.

The Amalgamated Clothing Workers of America, AFL–CIO (Union), filed charges and amended charges with the

Board alleging unfair labor practices at the Starkville and Kosciusko plants.

On December 7, 1973, the Board, through its regional director, defendant herein, ordered that the cases be consolidated and issued a consolidated complaint and notice of hearing. The hearing was scheduled for January 8, 1974.

Upon receipt of the complaint on December 10, 1973, plaintiff assigned the matter to its counsel, Honorable Michael S. Fawer of the New Orleans law firm of Kullman, Lang, Inman & Bee, for trial purposes. Mr. Fawer immediately commenced preparation for the trial on January 8, which was then less than one month away. The scheduling of the preparation was complicated by the fact that both plants were to be closed from December 21, 1973 to January 2, 1974.

On December 13, 1973, Mr. Fawer filed a motion to sever the action as between the two plants. This motion was referred on December 17, 1973 to the Administrative Law Judge. Plaintiff answered the complaint on December 19, 1973.

On December 12, 1973, the Union filed objections to an election held at the Koscuisko plant on December 9, 1973. The objections were identical in many respects to the allegations forming the basis for the unfair labor practice complaint.

On December 19, 1973, Mr. Fawer telephoned the defendant's office and talked with the Acting Director about the matter. Mr. Fawer was informed that an order had just been issued consolidating the hearing on the objections with that on the complaint. Mr. Fawer was assured, at the time, that the hearing would be held as planned on January 8, 1974. Being thus faced with a hearing on January 8, 1974, Mr. Fawer cleared his trial calendar for the week of January 8, 1974, as well as for the period between Christmas, 1973 and January 8, 1974, in order to visit the two plants for the purpose of preparing for the trial. Other cases scheduled for trial by Mr. Fawer during this period were re-

scheduled for the latter part of January 1974. Three of the cases rescheduled were calendared for the week of January 28, 1974.

On December 28, 1973, Mr. Fawer received a telegraphic communication from defendant advising that the hearing had been adjourned to January 29, 1974. Mr. Fawer telephoned defendant's office to enter protests to the delay and to insist that the matter be heard on the day of the original setting, i. e., January 8, 1974. Pursuant to instructions which he received from defendant's office, Mr. Fawer made known his objections to the delay by a letter dated December 28, 1974, directed to the Regional Director. Mr. Fawer set forth in his letter the facts above mentioned concerning his trial commitments, and requested that the hearing be postponed until after March 1, 1974, or that it be rescheduled for January 8, 1974 as originally planned.

Mr. Fawer made known to the Regional Director that he was trial counsel for the defendant in each of two complicated and involved criminal cases then scheduled for trial seriatim in the United States District Court for the Southern District of Mississippi commencing February 18, 1974; and, in order to properly prepare for the trial of these cases, that his presence would be required in Gulfport, Mississippi for the three-week period just prior to the trial date. Mr. Fawer complained of the summary manner in which the rescheduling of the hearing had been accomplished and of the fact that he was not accorded the common courtesy normally afforded counsel in all other aspects of the law of inquiry in advance as to whether the new date would be agreeable.

On January 2, 1974, Mr. Fawer was advised by defendant's office in a telephone conversation that the letter was not acceptable, and that his request for postponement of the hearing must be made in the form of a motion. This defect was cured when defendant accepted a second letter, dated January 2, 1974, designating the first letter as a motion

to reinstate the original hearing date of January 8, 1974, or to postpone the hearing until March 5, 1974 or thereafter.

On January 3, 1974, a second order consolidating cases and an amended consolidated complaint and notice for hearing were issued by defendant. The order consolidated a complaint for unfair labor practices by the Union against the Lambert plant with the complaints against the Kosciusko and Starkville plants, and fixed the hearing date for all complaints on January 29, 1974.

Defendant entered an order on January 4, 1974 overruling plaintiff's motion to reinstate the January 8, 1974 hearing. The order reserved the ruling on the alternate motion to postpone the hearing until March 5, 1974 pending receipt of the position of the charging party in regard thereto. On January 9, 1974, defendant overruled the motion to postpone the hearing until March 5, 1974, but rescheduled the hearing for February 12, 1974.

Plaintiff filed an application for special permission to appeal to the National Labor Relations Board from the action of defendant in denying the postponement until March 5, 1974. The Board denied this request on January 23, 1974.

The action sub judice was then instituted to enjoin defendant from proceeding in the matter until March 5, 1974. Plaintiff contends that defendant arbitrarily and capriciously refused to postpone the hearing which had been rescheduled for February 12, 1974, and that the rescheduling was done by defendant at a time when defendant knew that a hearing on that date would conflict with a prior commitment of plaintiff's trial attorney.[1]

■ Defendant's motion to dismiss is based upon the prevailing and generally accepted rule that federal district courts are without jurisdiction to enjoin or restrain the National Labor Relations Board or its agents from proceeding with an unfair labor practice controversy. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638 (1938). An interlocutory ruling of the Board, such as the one involved in the action sub judice, may not be considered and reviewed by a federal district court, absent exceptional circumstances. The United States Court of Appeals for the Fifth Circuit, in Bokat v. Tidewater Equipment Company, 363 F.2d 667, 669 (5th Cir. 1966), held that the district courts within the circuit are not "[o]pen to police the procedural purity of the NLRB's proceedings long before the administrative process is over, or for that matter, scarcely begun". See, United Aircraft Corp. v. McCulloch, 125 U.S.

---

1. The complaint alleged specifically:
"XVII.

Unless Defendant is enjoined from holding the hearing scheduled for February 12, 1974, Plaintiff, as a result of Defendant's arbitrary and capricious refusal to postpone the hearing to March 5, 1974, will be deprived of the right to be represented at said hearing by Mr. Fawer, who, due to his prior commitments in the above-described federal criminal trials, is otherwise engaged the week of February 12, 1974. Mr. Fawer is the only trial counsel of record in these proceedings and is the attorney who has devoted in excess of 50 hours to preparing the Plaintiff's case for trial. If said hearing is not postponed, then Plaintiff is not only prejudiced by losing the services of the attorney who prepared the case for trial, but by the additional expense involved in having a different trial attorney prepare for the trial of the case. There is no substantial prejudice if the hearing is postponed to March 5, 1974.

XVIII.

Plaintiff, having exhausted its administrative remedies, has no adequate remedy at law and is in danger of suffering permanent and irreparable injury if the arbitrary acts of Defendant are not restrained and if Defendant is not enjoined from conducting the hearing now scheduled to be held on February 12, 1974. Plaintiff further avers that it believes Defendant, his successors and agents, and the National Labor Relations Board will continue the above-described conduct of holding a hearing in abridgement of Plaintiff's rights to be free of arbitrary and capricious acts, unless Defendant is restrained. If not so restrained, Plaintiff will be unable to effect a remedy at law for such acts and actions."

App.D.C. 27, 365 F.2d 960, 961 (1966); Mayer v. Ordman, 391 F.2d 889, 891 (6th Cir. 1968).

Plaintiff, however, contends that the undisputed facts in the action present an exceptional case, of which the court should take jurisdiction.

Plaintiff contends that defendant acted arbitrarily and capriciously in first rescheduling a hearing after expressly assuring plaintiff's trial counsel that the original date was a firm date and then in again rescheduling the hearing though aware of prior conflicting professional commitments of plaintiff's trial counsel.

Plaintiff argues that such action on the part of defendant deprives it of administrative due process. Plaintiff asserts that such conduct forces plaintiff's trial counsel to choose between representing plaintiff at the hearing and properly preparing for the criminal cases and that it is unconscionable to force such a choice upon him. Plaintiff also asserts that administrative due process mandates that plaintiff be represented at the hearing by an attorney who, from the outset, has prepared for the hearing.

Plaintiff argues that the right of review provided in the Act [2] is patently incapable of remedying the action of which plaintiff complains, and, unless this court intervenes, that plaintiff will not have an adequate remedy to enforce its right to administrative due process. Plaintiff cites 5 U.S.C.A. § 706(2) as sustaining its right to judicial review. Section 706(2) provides in pertinent part: "The reviewing court shall . . . (2) hold unlawful and set aside agency actions, findings, and conclusions found to be . . . (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

Plaintiff also invites the court's attention to a portion of 5 U.S.C.A. § 555(b) which provides: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it".

█ It is well recognized that federal district courts may intervene in cases where the agency has exercised authority in excess of its jurisdiction, or otherwise acted in a manner that is clearly at odds with the specific language of a statute. Coca-Cola Company v. F. T. C., 475 F.2d 299, 303 (5th Cir. 1973); Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958).

The court has considered the case of Deering Milliken, Inc. v. Johnston, 295 F.2d 856 (4th Cir. 1961) where Judge Haynsworth, speaking for the court, sustained the jurisdiction of the District Court to grant injunctive relief against the Regional Director of the National Labor Relations Board. There the court held that "[t]he jurisdiction of the federal courts to enjoin acts of a federal administrative agency in excess of the agency's statutory authority was recognized as early as 1902". 295 F.2d at 861.

In *Milliken,* the district court found the Board to be in violation of certain provisions of the Administrative Procedure Act, which provided that every agency should proceed with reasonable dispatch to conclude any matter presented to it. The court issued its injunction to correct the violation. This action was affirmed by the Court of Appeals.

█ Assuming arguendo that the court's jurisdiction may be invoked in cases where the facts sustain the charge that the governmental agency acted arbitrarily or capriciously, has abused its discretion, or otherwise acted in violation of law, the court does not find that the action sub judice presents such a case. Here we have a purely procedural matter—the scheduling of a hearing on the complaints filed by the Union against plaintiff. It is unfortunate that the date selected by the Board conflicts with other commitments of plaintiff's trial counsel. The defendant might have

avoided this conflict had those in charge of the scheduling communicated with Mr. Fawer before fixing the date for the hearing. The record does not reveal the reasons which prompted the summary scheduling of the hearing.

The court does not, however, feel that it should "look over the shoulder", so to speak, of the Board's proceedings in this matter and direct the manner in which the Board shall proceed to process and hear the complaints. Congress has vested the authority to handle labor disputes in the hands of the Board, and has provided a means of review by the Courts of Appeal. This procedure is exclusive, unless there are exceptional circumstances which justify the intervention of the district courts. The scheduling of the hearing in this action does not appear to be such an exceptional circumstance as would justify this court to intervene and direct a postponement.

The court will enter an order dismissing the complaint.