NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0230n.06

No. 24-1690

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| RIETH-RILEY CONSTRUCTION CO., INC., | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| ELIZABETH K. KERWIN, in her official capacity | ) | UNITED STATES DISTRICT |
| as Regional Direction, Region 7 of the National | ) | COURT FOR THE WESTERN |
| Labor Relations Board identified on initiating | ) | DISTRICT OF MICHIGAN |
| document as Terry Morgan; WILLIAM B. COWEN, | ) | |
| in his official capacity as Acting General Counsel of | ) | |
| the National Labor Relations Board identified on | ) | OPINION |
| initiating document as Peter Sung Ohr, | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

Before: THAPAR, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Rieth-Riley Construction Company has several jobsites throughout Michigan. After its unionized employees went on strike in 2018, Rieth-Riley filed unfair labor practice charges under the National Labor Relations Act (NLRA) against the union representing the employees. When those charges faltered, Rieth-Riley filed the instant suit in federal court, challenging then-President Biden's removal of the National Labor Relations Board's (NLRB) General Counsel and the authority of the Acting General Counsel to dismiss Rieth-Riley's charges thereafter. Finding the former argument foreclosed by precedent and the latter lacking merit, we AFFIRM.

No. 24-1690, *Rieth-Riley Construction Co., Inc. v. Kerwin, et al.*

Rieth-Riley is a construction business operating in Indiana and Michigan. Local 324, International Union of Operating Engineers, AFL-CIO (the Union) is the exclusive collective bargaining representative for Rieth-Riley's operating engineers based in Michigan. Michigan Infrastructure & Transportation Association (MITA) represents Rieth-Riley in collective bargaining. The Union and MITA have agreed to multiple collective bargaining agreements over the years, the last ending in June 2018. But in early 2018, the Union refused to bargain with MITA or Rieth-Riley over a successor agreement. The Union relented slightly in October 2018, agreeing to bargain with Rieth-Riley only. But the Union subsequentially went on strike at all Rieth-Riley jobsites throughout Michigan.

Due to alleged incidents of strike misconduct, Rieth-Riley brought an unfair labor practice charge against the Union in 2019. Unfair labor practice charges "are filed in the first instance with one of the Board's . . . Regional Directors, to whom the General Counsel has delegated the initial power to decide whether or not to issue a complaint." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 139 (1975). On May 21, 2020, Regional Director Terry Morgan issued a decision, rejecting all Rieth-Riley's allegations except one: that the Union violated § 8(b)(1)(A) of the NLRA by condoning the physical assault of a truckdriver leaving a Rieth-Riley facility. Rieth-Riley appealed that decision to the General Counsel's Office of Appeals. At that time, Peter Robb was the NLRB's General Counsel. The Office of Appeals ruled partially in favor of Riley, concluding that the Union had "arguably violated Section 8(b)(1)(A) of the [NLRA] by engaging in picket line misconduct, including blocking ingress and egress and impairing visibility at various Employer facilities, and by engaging in vandalism against certain Employer property." R. 1-2, PageID 24. The Office of Appeals remanded the case to the Regional Director, ordering that

"[a]bsent settlement, the Regional Director will issue a complaint and an administrative law judge will holding a hearing." *Id.* at 25. The Union didn't seek reconsideration of the Office of Appeals' decision.

On remand, Regional Director Morgan issued a formal complaint against the Union. The complaint contained ten allegations of misconduct against the Union (nine new allegations plus the original sustained allegation). The Union answered on August 13, 2020. A hearing on the complaint was to be set for a later date.

On January 20, 2021, however, President Biden removed Robb from his position as NLRB General Counsel. He appointed Peter Sung Ohr as Acting General Counsel five days later. Shortly thereafter, the Union filed a request with Regional Director Morgan, asking her to withdraw the charges in the complaint. Rieth-Riley responded that the request was an impermissible attempt at reconsideration in violation of NLRB Rule 102.19, and that Acting General Counsel Ohr lacked authority to withdraw or modify the complaint because he had not been properly appointed. On March 2, 2021, Regional Director Morgan issued a decision withdrawing the nine new allegations in the complaint, "[i]n view of the Acting General Counsel's prosecutorial discretion and after careful consideration of the evidence adduced during the underlying investigation." R. 1-6, PageID 41. That left only the initial allegation related to the assault of a truckdriver. Rieth-Riley appealed to the Office of Appeals. The Office of Appeals denied the appeal. It rejected Rieth-Riley's claim that "the merits of the case should not have been reconsidered and that such reconsideration reversed previous instructions from the General Counsel." R. 1-7, PageID 46. The Office of Appeals explained, "The Acting General Counsel simply exercised his unreviewable final authority under Section 3(d) of the Act, which includes not only authority to decide whether to issue unfair labor practice complaints, but also, in some circumstances, authority extending

beyond the point at which a complaint has issued, including a purely prosecutorial decision to withdraw a complaint, effectively a dismissal." *Id.* The Office of Appeals additionally explained that it had "determined that the evidence disclosed by the investigation was insufficient to establish the merit of the allegations at issue herein." *Id.*

Rieth-Riley then filed the instant lawsuit in federal district court, naming Regional Director Morgan and Acting General Counsel Ohr as defendants.[1] Rieth-Riley argued first that Morgan and Ohr had violated the NLRB's rules by reconsidering the merits of the case and dismissing the nine new charges in the administrative complaint. In the alternative, Reith-Riley argued that defendants lacked authority to act because General Counsel Robb had been improperly removed from office. Defendants moved to dismiss the lawsuit.

Meanwhile, the administrative proceedings continued. The now-single-issue complaint went forward against the Union, as part of a hearing consolidated with other related cases. *See Rieth-Riley Constr. Co. v. NLRB (Rieth-Riley I)*, 114 F.4th 519 (6th Cir. 2024). Rieth-Riley sought to present evidence of the nine allegations that had been dismissed, but the ALJ and the Board refused to consider those allegations. *Id.* at 535–36. The agency also rejected Rieth-Riley's argument that General Counsel Robb's removal had been unlawful. *Id.* at 529.

Rieth-Riley petitioned for review of those rulings. A panel of this court denied the petition for review and granted the Board's cross-petition for enforcement. *Id.* The panel declined to address the withdrawn allegations and agreed with the agency that Robb had been lawfully removed from office. *Id.* at 531, 536. Rieth-Riley sought en banc review, but this court denied the petition. *See Rieth-Riley Constr. Co. v. NLRB*, No. 23-1399, 2024 WL 4661802 (6th Cir. Oct.

---

[1] Morgan and Ohr have since been replaced in their positions by Elizabeth Kerwin and William Cowen, respectively.

23, 2024). The Supreme Court then denied Rieth-Riley's petition for certiorari. *Rieth-Riley Constr. Co v. NLRB*, No. 24-767, 2025 WL 889152 (U.S. Mar. 24, 2025).

Back to the instant lawsuit. Before this court ruled in *Rieth-Riley I*, the district court granted defendants' motion to dismiss. The court concluded that it could not review whether the General Counsel's decision to withdraw the nine new allegations in the complaint violated NLRB rules because the General Counsel had unreviewable discretion as to prosecutorial actions. For the same reason, the district court declined to review the General Counsel's denial of Rieth-Riley's appeal. It further concluded that it did not have jurisdiction to review the argument that General Counsel Robb had been unlawfully removed from office. Rieth-Riley now appeals that decision.

## II.

We review de novo a district court's decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or Rule 12(b)(6) for failure to state a claim. *Patton v. Fitzhugh*, 131 F.4th 383, 391 (6th Cir. 2025); *US Framing Int'l LLC v. Cont. Building Co.*, -- F.4th --, 2025 WL 1024422, at *4 (6th Cir. 2025).

## A.

Rieth-Riley argued below and in its opening brief to this court that then-President Biden unlawfully removed General Counsel Robb from office and that any decisions by the Acting General Counsel after that removal were taken without statutory authority. But, as Rieth-Riley now acknowledges, binding precedent forecloses that argument. *Rieth-Riley I* held that "President Biden lawfully removed former General Counsel Robb," and that subsequent actions brought by then-Acting General Counsel Ohr were "proper." 114 F.4th at 531. As previously explained, the en banc court denied review of that ruling, and so did the Supreme Court. We are bound by the

panel's holding. *See Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019). And it forecloses Rieth-Riley's argument regarding the propriety of General Counsel Robb 's removal.

B.

Rieth-Riley's only remaining argument is that Regional Director Morgan and Acting General Counsel Ohr violated agency regulations by dismissing the nine new allegations from the complaint. According to Rieth-Riley, 29 C.F.R. § 102.19(c) provides the only mechanism for overturning an appeal decision by the General Counsel. That regulation allows a party to move for reconsideration of an appeal decision within fourteen days. 29 C.F.R. § 102.19(c). The Union did not timely move to reconsider General Counsel Robb's decision adding the nine new allegations to the administrative complaint. So, Reith-Riley posits, when Regional Director Morgan and General Counsel Ohr dismissed the new allegations on remand, they violated agency regulations. And that gave the district court subject-matter jurisdiction under *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). The district court disagreed, determining that it could not review Rieth-Riley's claim because the action was part of the General Counsel's unreviewable prosecutorial discretion.

The NLRA forbids employers and labor organizations from engaging in unfair labor practices. 29 U.S.C. § 158. The General Counsel has "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . , and in respect of the prosecution of such complaints before the Board." 29 U.S.C. § 153(d). The General Counsel thus operates in a "prosecutorial" capacity, whereas the Board operates an "adjudicatory" one. *NLRB v. United Food & Comm. Workers Union, Loc. 23, AFL-CIO*, 484 U.S. 112, 124 (1987).

"[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion" and is not, generally,

subject to judicial review. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). This is also true in the specific context of the NLRA. The Supreme Court has examined the General Counsel's discretionary authority to prosecute or withdraw complaints. It has recognized that the NLRA grants the General Counsel "'final authority' regarding the filing, investigation, and 'prosecution' of unfair labor practice complaints." *Loc. 23, AFL-CIO*, 484 U.S. at 124. The Board's role, by contrast, is "the *adjudication* of complaints." *Id.* General Counsel "decisions" regarding "whether to file a complaint are prosecutorial." *Id.* at 125. And "until a hearing is held the Board has taken no action; no *adjudication* has yet taken place." *Id.* So, the Court concluded, "until the hearing begins, settlement or dismissal determinations are prosecutorial." *Id.* at 125–26. And those determinations are unreviewable. As the Court explained: "[W]e fail to see why the General Counsel should have the concededly unreviewable discretion to file a complaint, but not the same discretion to withdraw the complaint before hearing if further investigation discloses that the case is too weak to prosecute." *Id.* at 126.

That is exactly what happened here. No hearing before the Board had occurred. Instead, after remand from the General Counsel's Office of Appeals, Regional Director Morgan dismissed the new allegations. Morgan made the decision "[i]n view of the Acting General Counsel's prosecutorial discretion and after careful consideration of the evidence adduced during the underlying investigation." R. 1-6, PageID 41. Consistent with caselaw, the Regional Director had the "unreviewable discretion" to withdraw the complaint at that time. *Loc. 23, AFL-CIO*, 484 U.S. at 126; *see also Rieth-Riley I*, 114 F.4th at 536 ("Because the decision not to prosecute certain allegations was within the General Counsel's prosecutorial discretion, it cannot be reviewed by this court under the NLRA."); *Tensing v. NLRB*, 519 F.2d 365, 365 (6th Cir. 1975) (per curiam) (dismissing for lack of jurisdiction because "district courts may not review the refusal of the

Board's General Counsel to investigate or to file a complaint concerning unfair labor practice charges"); *Mayer v. Ordman*, 391 F.2d 889, 889 (6th Cir. 1968) (per curiam) (The NLRA "precludes District Court review of the manner in which the General Counsel . . . investigates unfair labor practice charges and determines whether to issue a complaint thereon.").

Rieth-Riley acknowledges that courts may not review a General Counsel decision on "whether it [was] a good idea or a bad idea to prosecute or not any particular violation of the law." Reply Br. at 6. But it says that its claim instead focuses on defendants' "disregard[] [for] the procedural requirements for making that decision." *Id.* at 7. This, according to Rieth-Riley, is subject to judicial review under *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). "*Accardi* has come to stand for the proposition that agencies may not violate their own rules and regulations to the prejudice of others." *Battle v. F.A.A.*, 393 F.3d 1330, 1336 (D.C. Cir. 2005).

Rieth-Riley's "*Accardi*-claim" is difficult to divorce from the General Counsel's otherwise unreviewable prosecutorial discretion, as the district court here seemed to recognize. But to the extent that Rieth-Riley's argument is focused solely on the Acting General Counsel's failure to hold the Union to the requirements of 29 C.F.R. § 102.19(c), we believe that Rieth-Riley has nominally asserted a claim that the agency has failed to follow its own regulations. *Id.* A hypothetical helps show why. Imagine that the NLRB had a rule that after the 14-day window for reconsideration closes, the General Counsel is stripped of prosecutorial discretion and is bound to prosecute each allegation of the complaint as determined by the Office of Appeals. If the General Counsel declined to follow that rule and instead dismissed the complaint, surely the losing party would have an *Accardi* claim. Likewise, Reith-Riley's claim that the General Counsel violated the requirements of § 102.19(c) comes within *Accardi*'s ambit. Nonetheless, we must still affirm the district court because the claim here is meritless. *See Angel v. Kentucky*, 314 F.3d

262, 264 (6th Cir. 2002) (stating that we may affirm the district court for any reasons supported by the record).

Rieth-Riley stretches the alleged rule violation too far. Unlike the hypothetical regulation discussed above, 29 C.F.R. § 102.19(c) does nothing to constrain the General Counsel's discretion. It merely sets limits on when *a party* may seek reconsideration. *See* 29 C.F.R. § 102.19(c) ("A motion for reconsideration of the decision must be filed within 14 days of service."). It does nothing to limit the General Counsel's unreviewable discretion to further investigate the alleged "charges and determine[] whether to issue a complaint thereon." *Mayer*, 391 F.2d at 889. After all, no adjudicatory hearing before the NLRB had occurred here, meaning that the General Counsel was free to change his mind. *Loc. 23, AFL-CIO*, 484 U.S. at 124; *cf. NLRB v. O'Neill*, 965 F.2d 1522, 1528 (9th Cir. 1992) ("The unions' failure to appeal or file a motion for reconsideration does not bar the General Counsel or the Regional Director from reinstating a complaint on their own motion.").

What's more, the Regional Director rested her decision to withdraw the new allegations on "the Acting General Counsel's prosecutorial discretion and . . . careful consideration of the evidence adduced during the underlying investigation." R. 1-6, PageID 41. Perhaps that decision was prompted by the Union's request to reconsider the allegations (though the Regional Director's order doesn't reflect this). But Rieth-Riley points to no language, whether it be statutory, regulatory, or based in caselaw, limiting the Regional Director from making such a determination on remand from the Office of Appeals, whether prompted by a party or issued sua sponte. After all, the Regional Director's authority stems directly from the General Counsel, *see Sears, Roebuck & Co.*, 421 U.S. at 139, who remained free to change his mind until a hearing before the NLRB, *see Loc. 23, AFL-CIO*, 484 U.S. at 125–26. And if the Regional Director overstepped that

authority on remand, there was a mechanism to correct it—another appeal to the Office of Appeals. *See Sears, Roebuck & Co.*, 421 U.S. at 140–41. Here, that body confirmed the Regional Director's decision, finding that it was within the Acting General Counsel's prosecutorial discretion and also appropriate on the merits. Rieth-Riley has failed to establish that the Acting General Counsel violated agency rules in the process.

* * *

We AFFIRM.